[Cite as *Bank of New York Mellon v. Antes*, 2014-Ohio-5474.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE-HOLDERS CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-BC4, | : : : : | **O P I N I O N** |
| | | **CASE NO.  2014-T-0028** |
| Plaintiff-Appellee, | : | |
| - vs - | : : | |
| DANNETTE L. ANTES, et al., | : | |
| Defendants-Appellants. | : : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2012 CV 00717.

Judgment:  Affirmed.

*Matthew J. Richardson,* Manley, Deas, Kochalski, L.L.C., P.O. Box 165028, Columbus, OH  43216-5028 (For Plaintiff-Appellee).

*Bruce M. Broyles,* 5815 Market Street, Suite 2, Youngstown, OH  44512 (For Defendants-Appellants).

CYNTHIA WESTCOTT RICE, J.

{¶1}    Appellants, James E. Antes and Dannette L. Antes, appeal the summary judgment and foreclosure decree of the Trumbull County Court of Common Pleas in favor of appellee, The Bank of New York Mellon fna The Bank of New York, as trustee

for the certificate-holders CWABs, Inc., Asset-Backed Certificates, Series 2006-BC4 ("Bank of New York"). At issue is whether any genuine issue of material fact existed, precluding the trial court from entering summary judgment in favor of Bank of New York. For the reasons that follow, we affirm.

**{¶2}** On February 15, 2006, appellants obtained a mortgage loan from the Cit Group/Consumer Finance, Inc. to purchase real property in Leavittsburg, Trumbull County. On that date, appellant, Dannette L. Antes, signed a promissory note in favor of Cit Group in the amount of $71,000. Subsequently, Cit Group endorsed the note to Countrywide Home Loans, Inc. Thereafter, Countrywide endorsed the note in blank.

**{¶3}** On the same date appellants obtained said mortgage loan, February 15, 2006, appellants signed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), acting as nominee of the lender, Cit Group, in order to secure the note. The mortgage was duly recorded.

**{¶4}** On April 22, 2010, MERS assigned the mortgage to Bank of New York by a written assignment that was duly recorded.

**{¶5}** One year later, in March 2011, appellants defaulted on the note. On March 23, 2011, appellant, Dannette L. Antes, signed a loan modification agreement, which amended said note and mortgage by increasing the principal balance of the loan to $90,826, which included unpaid amounts due to appellants' pre-existing default.

**{¶6}** Eight months later, in November 2011, appellants defaulted again by failing to make the November 2011 payment or any subsequent payments.

**{¶7}** Consequently, on March 28, 2012, Bank of New York filed the complaint in this action against appellants. Bank of New York alleged that it is entitled to enforce the

2

note and that MERS had assigned the mortgage to it. Bank of New York attached to the complaint copies of the note, mortgage, assignment of the mortgage, and loan modification agreement.

{¶8} Appellants filed an answer, denying the material allegations of the complaint and asserting Bank of New York's lack of standing as an affirmative defense.

{¶9} Subsequently, Bank of New York filed a motion for summary judgment supported by the affidavit of Colleen Newsome of Bank of America, Bank of New York's loan servicer. Ms. Newsome testified by affidavit that as an officer of Bank of America, she is authorized to testify on behalf of Bank of New York. She authenticated the note, mortgage, assignment of mortgage, loan modification agreement, and the account payment history of this loan. She said that Bank of New York has "possession of the note." She said that, based on her review of these documents, appellants defaulted on this loan by failing to make the payment due on November 1, 2011 or any subsequent payments. She said that Bank of New York had accelerated the debt and that the principal amount of the balance owed is $89,960.

{¶10} Appellants filed a brief in opposition. Subsequently, the trial court entered summary judgment and a foreclosure decree in favor of Bank of New York.

{¶11} Appellants appeal the trial court's judgment, asserting the following for their sole assignment of error:

{¶12} "The trial court erred in granting summary judgment to Appellee when there were genuine issues of material fact still in dispute."

{¶13} Summary judgment is proper when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3)

3

reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C).

{¶14} The party seeking summary judgment on the ground that the nonmoving party cannot prove his case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).

{¶15} The moving party must point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates the nonmoving party has no evidence to support his case. *Dresher, supra*, at 293. Such evidence includes affidavits, depositions, written admissions, and answers to interrogatories. Civ.R. 56(C).

{¶16} If this initial burden is not met, the motion for summary judgment must be denied. *Id*. However, if the moving party meets his initial burden, the nonmoving party must then produce competent evidence showing there is a genuine issue for trial. Civ.R. 56(E). When a motion for summary judgment is made and supported as provided in Civ.R. 56, the adverse party may not rest on the mere allegations or denials of his pleadings. The adverse party's response must set forth specific facts by affidavit or as otherwise provided by Civ.R. 56, showing that there is a genuine issue for trial. *Id*. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against him. *Id*.

{¶17} Since a trial court's ruling on a motion for summary judgment involves only questions of law, we conduct a de novo review of the judgment. *DiSanto v. Safeco Ins. of Am.*, 168 Ohio App.3d 649, 2006-Ohio-4940, ¶41 (11th Dist.).

{¶18} In Ohio, courts of common pleas have jurisdiction over justiciable matters. Ohio Constitution, Article IV, Section 4(B). "Standing to sue is part of the common understanding of what it takes to make a justiciable case." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102 (1998). Standing involves a determination of whether a party has alleged a personal stake in the outcome of the controversy to ensure the dispute will be presented in an adversarial context. *Mortgage Elec. Registration Sys., Inc. v. Petry*, 11th Dist. Portage No. 2008-P-0016, 2008-Ohio-5323, ¶18.

{¶19} In a mortgage foreclosure action, the mortgage lender must establish an interest in the promissory note *or* in the mortgage in order to have standing to invoke the jurisdiction of the common pleas court. *Fed. Home Loan Mortg. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶28. Further, because standing is required to invoke the trial court's jurisdiction, standing is determined as of the filing of the complaint. *Id.* at ¶24. This court followed *Schwartzwald* in *Fed. Home Loan Mortg. Corp. v. Rufo*, 11th Dist. Ashtabula No. 2012-A-0011, 2012-Ohio-5930, ¶18. "The requirement of an 'interest' can be met by showing an assignment of *either* the note or mortgage." (Emphasis added.) *Fed. Home Loan Mtge. Corp. v. Koch*, 11th Dist. Geauga No. 2012-G-3084, 2013-Ohio-4423, ¶24.

{¶20} Appellants assert three issues under their assigned error. For their first issue, they concede that Ms. Newsome stated in her affidavit that Bank of New York

5

"has possession of the note." However, appellants argue this was insufficient because, they contend, in order to be entitled to summary judgment, she was required, but failed, to expressly state that Bank of New York has possession of the *original* promissory note. We do not agree.

{¶21} In addressing this identical argument, this court in *Bank of America, N.A. v. Merlo*, 11th Dist. Trumbull No. 2012-T-0103, 2013-Ohio-5266, stated that because the affiant "did not qualify her testimony by saying the bank has possession of a copy of the note, she was referring to the actual note itself, i.e., the original, rather than a copy." *Id*. at ¶18. In support, this court in *Merlo* quoted Evid.R. 1001(3) and (4) as follows: "An 'original' of a writing * * * is the writing * * * itself," as opposed to a 'duplicate,' which "reproduce[s] the original."

{¶22} Thus, by stating in her affidavit that Bank of New York has possession of the note, Ms. Newsome was saying that the bank has possession of the *original*, as opposed to a copy, of the note.

{¶23} Further, Evid.R. 1003 provides that "[a] duplicate is admissible to the same extent as an original unless (1) a genuine issue is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." The party opposing the introduction of the duplicate has the burden of proving that there is a genuine question as to the authenticity of the original or that it would be unfair to admit the duplicate. *Natl. City Bank v. Fleming*, 2 Ohio App.3d 50, 57 (8th Dist.1981). The objection must be something more than a frivolous objection. *Id*. The decision to admit a duplicate is left to the trial court's sound discretion, and, unless

it is apparent from the record that the trial court's decision is arbitrary or unreasonable, the determination will not be disturbed on appeal. *Id.*

**{¶24}** Here, appellants have not raised a genuine issue concerning the authenticity of the note attached to Ms. Newsome's affidavit or made any showing that it would be unfair to admit a copy in lieu of the original.

**{¶25}** Moreover, there is no requirement in Civ.R. 56(E) that Bank of New York produce the original note in order to be entitled to summary judgment. In fact, that rule allows copies of documents to be authenticated by affidavit. Regarding documents referenced in an affidavit, "[*s*]*worn* or certified copies of all papers * * * referred to in an affidavit shall be attached to * * * the affidavit." (Emphasis added.) *Id.* This requirement is satisfied by a statement in the affidavit declaring that the documents attached are true copies. *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 467 (1981).

**{¶26}** Here, appellants argue that Ms. Newsome did not properly authenticate the promissory note because she did not say in her affidavit that the *original* note is kept as part of the business records or that she compared the copy of the note attached to her affidavit to the original. However, to the contrary, Ms. Newsome in her affidavit said that she has personal knowledge of how Bank of America, as servicing agent for Bank of New York, created and maintained the loan documents in this case, which are Bank of America's business records. She also indicated that Bank of New York has possession of the original note. She said that she reviewed the note attached to her affidavit and that it is a "true and correct" copy of the business record that was created and maintained by Bank of America on behalf of Bank of New York. She thus indicated

that the copy of the note attached to her affidavit is a true and correct copy of the original.

{¶27} Appellants' first issue lacks merit.

{¶28} For their second issue, appellants argue they created a genuine issue of fact by presenting the affidavit of appellant, Dannette L. Antes, in which she stated that after she and her husband defaulted on the mortgage loan, someone at their mortgage company told her they could reinstate the loan. Again, we do not agree.

{¶29} Appellants concede that the subject note and mortgage do not provide them with the right to reinstate their loan after default. The Supreme Court of Ohio in *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, stated:

{¶30} A defaulting borrower is not entitled by law to have a mortgage loan reinstated. Upon a borrower's default, a lender is entitled to initiate foreclosure proceedings, to be paid in full, and to sever its relationship with the defaulting borrower. A defaulting borrower's right to reinstate the mortgage loan arises solely from the terms of the residential-mortgage contract between the parties. *Id.* at ¶18.

{¶31} In support of appellants' argument that the loan was reinstated, appellant, Dannette L. Antes, stated in her affidavit that in February 2012, she sent a check for $5,000 to the Antes' mortgage company, as they were instructed, to reinstate the loan, but that the mortgage company returned the check to them. While appellants concede they did not have a contractual right to reinstate the loan, they argue that because someone at their mortgage company told them they could reinstate the loan by sending them $5,000, Bank of New York cannot pursue foreclosure proceedings against them

8

pursuant to the equitable "clean hands doctrine."  The Seventh District in *Crick v. Starr*, 7th Dist. Mahoning No. 08 MA 173, 2009-Ohio-6754, stated:

> **{¶32}** "The 'clean hands doctrine' of equity requires that whenever a party takes the initiative to set into motion the judicial machinery to obtain some remedy but has violated good faith by [his] prior-related conduct, the court will deny the remedy." *Bean v. Bean*, 14 Ohio App.3d 358, 363-364 ([10th Dist.]1983). A movant cannot obtain relief on a matter if he is "guilty of reprehensible conduct with respect to the subject matter of the suit." *Marinaro v. Major Indoor Soccer League*, 81 Ohio App.3d 42, 45 ([9th Dist.]1991). However, the movant's conduct "must constitute *reprehensible, grossly inequitable, or unconscionable conduct*, rather than mere negligence, ignorance, or inappropriateness." *Wiley v. Wiley*, 3d Dist. [Marion] No. 9-06-34, 2007-Ohio-6423, ¶15.   (Emphasis added.) *Crick, supra*, at ¶38.

**{¶33}** Appellants argue that Bank of New York's breach of its alleged agreement to reinstate the loan amounted to unclean hands.  However, they do not cite any pertinent case law in support of this argument.  Further, we do not find any hint of the type of "reprehensible," "unconscionable," or "grossly inequitable" conduct, which would suggest that Bank of New York entered equity with "unclean hands."

**{¶34}** Appellants' second issue is not well taken.

**{¶35}** For their third and final issue, appellants argue that MERS' assignment of the mortgage to Bank of New York did not comply with the pooling and servicing

agreement between those two entities and, thus, the assignment of the mortgage to Bank of New York was invalid. As a result, appellants argue Bank of New York did not have an interest in the note or mortgage when the complaint was filed and, therefore, the bank did not have standing to file this action. Once again, we do not agree.

{¶36} Appellants attempt to defeat summary judgment by arguing that a genuine factual issue exists regarding Bank of New York's standing. In support, they contend that MERS' assignment of the mortgage to Bank of New York was ineffective because the assignment did not comply with a pooling and servicing agreement between MERS and Bank of New York. Thus, they argue that Bank of New York did not receive a valid assignment of the mortgage and, as a result, lacked standing to file this action. However, this court rejected this argument in *Waterfall Victoria Master Fund v. Yeager*, 11th Dist. Lake No. 2012-L-071, 2013-Ohio-3206, ¶21. In *Waterfall*, *a case decided post-Schwartzwald*, this court held that when mortgagor/debtors, such as appellants, are not parties to the mortgage assignment, and their contractual obligations under the mortgage are not affected in any way by the assignment, the debtors lack standing to challenge the validity of the assignment. *Id.*, citing *Deutsche Bank Natl. Trust Co. v. Rudolph*, 8th Dist. Cuyahoga No. 98383, 2012-Ohio-6141, ¶24. In *Waterfall*, this court said that its holding was based on the recognition that "an assignment does not alter the mortgagor/debtor's obligations under the note or mortgage and that the foreclosure complaint is based on the mortgagor's default under the note and mortgage - not because of the mortgage assignment." *Id.* at ¶25.

{¶37} Pursuant to this court's holding in *Waterfall*, appellants do not have standing to challenge the mortgage assignment at issue here. Significantly, appellants

concede that no Ohio Appellate courts have disagreed with this court's holding in *Waterfall*. Thus, appellants do not cite any Ohio case law authority holding that the failure to follow the terms of a pooling and service agreement renders a mortgage assignment invalid.

{¶38} In addition, the pooling and servicing agreement submitted by appellants was not properly authenticated. Appellants submitted a "Prospectus Supplement and the Prospectus for the CWABS, Inc., Asset-Backed Certificates, Series 2006-BC4, which contains a pooling and servicing agreement, in support of their argument that Bank of New York lacked standing. According to the affidavit submitted by appellant's counsel, he obtained these documents from the internet by going on The Securities and Exchange Commissions' website. Appellants argue these documents describe the manner in which mortgage loans, such as the instant mortgage loan, are required to be transferred to Bank of New York. However, the Prospectus Supplement and the Prospectus are not authenticated as required by Civ.R. 56(C), and the trial court thus had discretion to disregard them in entering summary judgment. *Lytle v. Columbus*, 70 Ohio App.3d 99, 104 (10th Dist.1990); *Minshall v. Cleveland Illum. Co.*, 11th Dist. Lake No. 2004-L-156, 2006-Ohio-2241, ¶57 (in summary judgment proceedings, the trial court "enjoys broad discretion in the admission and exclusion of evidence").

{¶39} Moreover, appellants failed to present any Civ.R. 56(C) evidentiary materials demonstrating that the pooling and servicing agreement attached to their attorney's affidavit governed the assignment of the instant mortgage from MERS to Bank of New York or that the assignment violated its provisions.

11

**{¶40}** In any event, any violation of the pooling and servicing agreement is irrelevant in light of Bank of New York's standing based on it possession of the promissory note. The Eighth District in *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, stated:

> **{¶41}** Whether * * * the parties to the [pooling and servicing agreement] failed to comply with the terms of [that agreement] is irrelevant to [the bank's] standing as the holder of the note. By virtue of its possession of the note endorsed in blank, [the bank] was the holder of the note, and thus was a person entitled to enforce the note under Ohio law. *See* R.C. 1301.01(T)(1) and 1303.31(A)(1). *Najar, supra*, at ¶62.

**{¶42}** Here, because the note was endorsed in blank, the note was a bearer instrument payable to anyone holding it. *Bank of N.Y. Mellon v. Froimson*, 8th Dist. Cuyahoga No. 99443, 2013-Ohio-5574, ¶23. The note was transferred to Bank of New York on April 22, 2010, contemporaneous to the assignment of the mortgage to that entity. *Rufo, supra.* Moreover, according to Ms. Newsome, Bank of New York has possession of the original note. Thus, Bank of New York is entitled to enforce the note. *Id.* As a result, appellants' argument that the mortgage assignment was invalid is not viable because they are not at risk of having to pay the same debt twice. *Id.* "The purpose behind the defense relating to the chain of title for the mortgage is nullified and thus inapplicable here." *Id.*

**{¶43}** Appellants' third issue lacks merit.

{¶44} For the reasons stated in this opinion, appellants' assignment of error is overruled. It is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.