[Cite as *Logansport Savs. Bank, FSB v. Shope*, 2016-Ohio-278.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Logansport Savings Bank, FSB, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 15AP-148 |
| | | (C.P.C. No. 13CV-13067) |
| Jeffrey R. Shope et al., | : | |
| Defendants-Appellants, | : | (REGULAR CALENDAR) |
| Kitsmiller's Crossing Association et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on January 26, 2016

*Graydon Head & Ritchey LLP*, *Harry J. Finke IV*, *Harry W. Cappel*, and *Brittany L. Griggs*, for Logansport Savings Bank, FSB.

*Mills, Mills, Fiely & Lucas, LLC*, and *Brian D. Flick*, for appellants.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendants-appellants, Jeffrey R. and Shannon S. Shope (collectively "the Shopes"), appeal from a decision and entry of the Franklin County Court of Common Pleas denying the Shopes' motion to strike and granting the motion for summary judgment of plaintiff-appellee, Logansport Savings Bank, FSB ("Logansport"). For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2}   This case involves the judgment on a promissory note ("the note") and foreclosure of a mortgage to secure the note for the property located at 7292 Kemperwood Court in Blacklick, OH ("the property").  Logansport, successor in interest to the original lender on the property, commenced the action by filing a complaint in foreclosure on December 4, 2013.  The complaint alleges Jeffrey Shope is the obligor on the note secured by a mortgage on the property, that the note is in default, that Logansport is entitled to judgment in the amount of $552,664.98, plus interest, from May 1, 2013, and that Logansport is entitled to foreclose the property and force a sale of the property.

{¶ 3}   In response to the complaint, the Shopes filed a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction.  The Shopes asserted in their motion that Jeffrey Shope executed the note on December 14, 2006 in favor of ABN AMRO Mortgage Group, Inc. ("ABN") and that the note does not contain an indorsement making payable to either a specific party or to the bearer.  The "Allonge to Note" contains a blank indorsement purporting to render the note payable to whomever holds it.  Logansport also attached to the complaint an "Assignment of Mortgage" which states "CitiMortgage, Inc., successor by merger to [ABN]" and purports to assign the mortgage from CitiMortgage to Logansport.  However, the "Assignment of Mortgage" does not purport to assign or otherwise transfer the note or any rights in the note from CitiMortgage to Logansport.  According to the Shopes' motion to dismiss, the trial court lacked subject-matter jurisdiction to entertain Logansport's complaint because Logansport did not provide, contemporaneous to its filing of the complaint, any evidence that CitiMortgage was the successor by merger to ABN.  Thus, the Shopes argued that, absent any evidence of merger, the trial court could not infer that CitiMortgage is the successor by merger to ABN and Logansport therefore lacked standing to file its complaint.  Logansport filed a response to the Shopes' motion to dismiss on March 3, 2014, and the Shopes filed a reply on March 10, 2014.

{¶ 4}   In a March 13, 2014 decision and entry, the trial court denied the Shopes' motion to dismiss, finding Logansport did not need to definitively prove standing in its complaint.  Instead, the trial court determined that in order to survive a motion to dismiss, "the complaint need only contain sufficient allegations of standing."  (Decision

and Entry, 6.)  Finding Logansport sufficiently alleged it is the holder of both the note and mortgage, the trial court concluded the complaint sufficiently demonstrated Logansport's standing so as to survive a motion to dismiss.  The Shopes then filed their answer to the complaint on August 29, 2014, specifically denying that Logansport had any right to enforce the note.

{¶ 5}   On December 29, 2014, Logansport filed a motion for summary judgment. In support of its motion, Logansport provided the affidavit of Pamela McLaughlin, Vice President – Document Control of CitiMortgage.  McLaughlin averred that Jeffrey Shope executed the note in the original amount of $560,000 in 2006, and the Shopes then executed a mortgage to secure the note.  Further, McLaughlin averred that CitiMortgage is the servicer of the loan and is authorized to act on behalf of Logansport, the holder of the note.  According to McLaughlin's affidavit, the Shopes made payments up to and including the May 1, 2013 installment but have failed to make any payments due June 1, 2013 and after; thus, Logansport elected to call the entire balance of the account.

{¶ 6}   The Shopes responded to the motion for summary judgment in a January 2, 2015 reply.  Though the Shopes did not file any affidavits or other Civ.R. 56 evidence, they did file a motion to strike the McLaughlin affidavit, asserting various deficiencies related to McLaughlin's personal knowledge, the contents of McLaughlin's affidavit, and the documentary evidence attached in support of McLaughlin's affidavit.  On February 3, 2015, Logansport filed a combined response to the Shopes' motion to strike and reply in support of their motion for summary judgment, including the supplemental affidavit of Porsha Thompson, another Vice President – Document Control of CitiMortgage.

{¶ 7}   Two days after Logansport filed its combined response, the trial court denied the Shopes' motion to strike and granted Logansport's motion for summary judgment.  The trial court determined the affidavits and payment history established that Logansport is the servicing agent and holder of the note and mortgage, and the trial court noted the Shopes' failure to offer any affidavits or Civ.R. 56 evidence disputing any material facts.  Finding Logansport met its burden of proving the note is in default and that Logansport has fulfilled its contractual obligations, the trial court granted Logansport's motion for summary judgment, noting the Shopes "have made no payments since 2013, and they are not entitled to remain in the home for free."  (Decision and Entry,

2.) The trial court journalized its decision in a February 5, 2015 decision and entry. That same day, the trial court issued a judgment entry sustaining Logansport's motions for summary judgment, default judgment,[1] and decree for foreclosure. The Shopes timely appeal.

## II. Assignment of Error

{¶ 8} The Shopes assign the following error for our review:

> Whether the trial court erred in granting [Logansport's] motion for summary judgment and denying [the Shopes'] motion to strike the affidavit of Pamela McLaughlin.

## III. Standard of Review and Applicable Law

{¶ 9} An appellate court reviews summary judgment under a de novo standard. *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41 (9th Dist.1995); *Koos v. Cent. Ohio Cellular, Inc.*, 94 Ohio App.3d 579, 588 (8th Dist.1994). Summary judgment is appropriate only when the moving party demonstrates (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 10} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). However, the moving party cannot discharge its initial burden under this rule with a conclusory assertion that the nonmoving party has no evidence to prove its case; the moving party must specifically point to evidence of the type listed in Civ.R. 56(C) affirmatively demonstrating that the nonmoving party has no evidence to support the nonmoving party's claims. *Id.*; *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997). Once the moving party discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56,

---

[1] The default judgment was with respect to defendant-appellee Kitsmiller's Crossing Association, and it did not file a brief in this appeal.

with specific facts showing that a genuine issue exists for trial. *Dresher* at 293; *Vahila* at 430; Civ.R. 56(E).

## IV. Discussion

{¶ 11} In their sole assignment of error, the Shopes argue the trial court erred in granting Logansport's motion for summary judgment. More specifically, the Shopes assert Logansport did not satisfy their evidentiary burden to obtain summary judgment in a foreclosure action. Additionally, the Shopes assert the McLaughlin affidavit contained inadmissible hearsay.

### A. Evidentiary Burden

{¶ 12} The Shopes first argue the trial court improperly granted Logansport's motion for summary judgment because Logansport did not satisfy the evidentiary burden necessary to successfully obtain summary judgment in a foreclosure action.

{¶ 13} "A party seeking to foreclose on a mortgage must establish execution and delivery of the note and mortgage; valid recording of the mortgage; it is the current holder of the note and mortgage; default; and the amount owed." *Perpetual Fed. Sav. Bank v. TDS2 Property Mgt., LLC*, 10th Dist. No. 09AP-285, 2009-Ohio-6774, ¶ 19, citing *Neighborhood Housing Servs. of Toledo, Inc. v. Brown*, 6th Dist. No. L-08-1217, 2008-Ohio-6399, ¶ 16. Additionally, in a mortgage foreclosure case, " '[a]n affidavit stating the loan is in default, is sufficient for purposes of Civ.R. 56, in the absence of evidence controverting those averments.' " *Id.* at ¶ 20, quoting *Bank One, N.A. v. Swartz*, 9th Dist. No. 03CA008308, 2004-Ohio-1986, ¶ 14; *Deutsche Bank Natl. Trust Co. v. Ingle*, 8th Dist. No. 92487, 2009-Ohio-3886, ¶ 33 (uncontroverted affidavit stating note in default sufficient for summary judgment); *JPMorgan Chase Bank, N.A. v. Brown*, 2d Dist. No. 21853, 2008-Ohio-200, ¶ 54 (uncontroverted affidavit stating loan in default sufficient to support summary judgment).

{¶ 14} In support of its motion for summary judgment, Logansport attached an affidavit from McLaughlin. McLaughlin states that Logansport is the holder of a note and corresponding mortgage secured by the property; CitiMortgage is the servicer of the loan. McLaughlin further avers that the Shopes executed and delivered the note and mortgage and included a copy of the mortgage recorded in the office of the Franklin County Recorder. McLaughlin states the Shopes failed to make regular monthly payments as

required by the note and mortgage, and, therefore, the Shopes are in default. Additionally, McLaughlin states the Shopes owe Logansport the sum of $552,664.98 plus interest.

{¶ 15} The Shopes did not respond to Logansport's motion for summary judgment with any additional Civ.R. 56(C) evidence to contradict the evidence Logansport presented. Instead, the Shopes filed a motion to strike McLaughlin's affidavit, which the trial court ultimately denied. On appeal, the Shopes point to five separate grounds on which Logansport allegedly failed to carry its evidentiary burden: (1) Logansport's failure to make a pooling and servicing agreement part of the record when McLaughlin references such an agreement in her affidavit; (2) Logansport's failure to provide documentation of any payment history to substantiate the amount it seeks to collect from the Shopes; (3) Logansport's failure to provide evidence of merger to validate the assignment of the mortgage from CitiMortgage to Logansport; (4) Logansport's failure to properly authenticate documents purporting to be the note, mortgage, and assignments; and (5) Logansport's failure to present any evidence demonstrating Logansport actually sent the notice of intent to accelerate. We address each of these arguments in turn.

**1. Pooling and Servicing Agreement**

{¶ 16} The Shopes first argue McLaughlin did not demonstrate her competency to testify to all matters in the affidavit because she referred to a pooling and servicing agreement in her affidavit but Logansport did not provide a copy of that agreement in support of its motion for summary judgment. *See generally Cincinnati Bar Assn. v. Newman*, 124 Ohio St.3d 505, 2010-Ohio-928, ¶ 7 (noting a party satisfies the Civ.R. 56(E) requirement that sworn or certified copies of all papers referred to in the affidavit be attached when the party attaches the papers to the affidavit coupled with a statement in the affidavit that the copies are true copies and reproductions).

{¶ 17} As the Eleventh District Court of Appeals has noted, "any violation of the pooling and services agreement is irrelevant in light of [mortgagee's] standing based on its possession of the promissory note." *Bank of New York Mellon v. Antes*, 11th Dist. No. 2014-T-0028, 2014-Ohio-5474, ¶ 40. Similarly, the Eighth District has noted "[w]hether * * * the parties to the [pooling and servicing agreement] failed to comply with the terms of [that agreement] is irrelevant to [the bank's] standing as the holder of the note. By

virtue of its possession of the note endorsed in blank, [the bank] was the holder of the note and entitled to enforce the note under Ohio law." *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. No. 98502, 2013-Ohio-1657, ¶ 62, citing R.C. 1301.01(T)(1) and 1303.31(A)(1).

{¶ 18} Here, as in *Antes*, "because the note was endorsed in blank, the note was a bearer instrument payable to anyone holding it." *Id.* at ¶ 42, citing *Bank of New York Mellon v. Froimson*, 8th Dist. No. 99443, 2013-Ohio-5574, ¶ 23. Thus, to the extent the Shopes argue Logansport did not demonstrate it was a valid holder of the note due to any alleged compliance with or violation of a pooling and servicing agreement that Logansport failed to attach in support of its motion for summary judgment, that argument fails.

{¶ 19} Moreover, to the extent the Shopes argue more generally that McLaughlin needed to support her affidavit with extrinsic documentation demonstrating her competency to testify, we disagree with that argument. "A flat statement by the affiant that [he or she] had personal knowledge is adequate to satisfy Civ.R. 56(E)." *Swartz* at ¶ 14. Here, McLaughlin averred she was competent to testify and had personal knowledge of the matter and documents on which she relied. We therefore do not agree with the Shopes that the McLaughlin affidavit fails at the outset for failure to extrinsically prove her personal knowledge.

**2. Payment History**

{¶ 20} The Shopes next argue Logansport's failure to provide any documentation showing the Shopes' payment history leaves a genuine issue of material fact as to the amount the Shopes actually owe.

{¶ 21} The Shopes' argument ignores Logansport's supplemental affidavit filed along with its reply brief in support of its motion for summary judgment. Logansport submitted the Thompson affidavit which included as an exhibit a properly authenticated payment history. The fact that Logansport provided the payment history along with a supplemental affidavit submitted with a reply brief does not lessen its evidentiary value. "There is no general prohibition against affidavits being timely submitted with reply briefs, but instead, is a practice that has been utilized in other cases." *Cashlink, LLC v. Mosin, Inc.*, 10th Dist. No. 12AP-395, 2012-Ohio-5906, ¶ 11 (finding no abuse of discretion in trial court's denial of appellant's motion to strike affidavit attached to

appellee's reply brief).   Thus, because Logansport did provide the trial court with documentation of the Shopes' payment history, we find the Shopes' argument related to payment history unpersuasive.

### 3. Evidence of Merger

{¶ 22} The Shopes further argue the trial court improperly granted summary judgment because Logansport did not provide any evidence of the merger between CitiMortgage and ABN.  Though the Shopes concede "there is no factual dispute that CitiMortgage merged with ABN," the Shopes nonetheless argue it was Logansport's burden to demonstrate standing and Logansport could only do so by providing evidence of merger between CitiMortgage and ABN.  (Shopes' Brief, 7.)

{¶ 23} In her affidavit, McLaughlin stated CitiMortgage "is the servicer of the loan and is authorized to act on behalf of" Logansport, the holder of the note.  (McLaughlin Affidavit, ¶ 7.)  The Shopes seem to suggest, without citation to authority, that Logansport needed to provide documentary proof to corroborate the averment contained in McLaughlin's affidavit that CitiMortgage merged with ABN.  As we noted above, the affiant's flat statement of personal knowledge is sufficient in the absence of any Civ.R. 56 evidence to the contrary.  *Swartz* at ¶ 14.  Because the Shopes failed to present any evidence to the contrary, we find there is no genuine issue of material fact with respect to the merger between CitiMortgage and ABN.

### 4. Authentication of Documents

{¶ 24} Next, the Shopes argue Logansport did not properly authenticate the documents submitted in support of its motion for summary judgment.  More specifically, the Shopes assert the note, mortgage, and assignment of mortgage are business records and that McLaughlin, an employee of CitiMortgage, did not sufficiently establish her personal knowledge with respect to Logansport's procedures in adopting records.

{¶ 25} Again, the Shopes ignore the statement in McLaughlin's affidavit that she is familiar with CitiMortgage's record keeping system and she has reviewed CitiMortgage's business records.  Additionally, McLaughlin averred CitiMortgage is authorized to act on behalf of Logansport. *Fannie Mae v. Bilyk*, 10th Dist. No. 15AP-11, 2015-Ohio-5544, ¶ 17 (stating "[t]he affidavit of the bank's loan servicing agent provides a sufficient foundation for the admissibility of the relevant loan documents as business records under Evid.R.

803(6)").  To the extent the Shopes argue McLaughlin needed to do more in order to authenticate the documents, the Shopes do so without citation to authority.  Additionally, the Shopes ignore altogether the Thompson affidavit, which properly authenticates the documents.  Because we find Logansport submitted Civ.R. 56 evidence properly authenticating the note, mortgage, and assignment of mortgage, and the Shopes did not offer any evidence to the contrary, we find no genuine issue of material fact as to the authentication of those documents.

**5. Notice to Accelerate and Notice of Default**

{¶ 26} Finally, the Shopes argue Logansport failed to submit any evidence that it provided the Shopes with an acceleration notice or notice of default.  However, the Shopes continue to ignore the Thompson affidavit that Logansport submitted with its reply brief in support of its motion for summary judgment.  The Thompson affidavit included properly authenticated copies of both the acceleration notice and the notice of default.  Thus, there was no genuine issue of material fact with respect to whether Logansport properly notified the Shopes of its intention to accelerate the debt or that the Shopes had defaulted on the loan.

**B. Motion to Strike the McLaughlin Affidavit**

{¶ 27}  The Shopes additionally argue that the trial court abused its discretion when it denied their motion to strike the McLaughlin affidavit.

{¶ 28}  The decision to admit or exclude evidence, including affidavit testimony, is left to the discretion of the trial court, and we will not disturb that decision on appeal absent a showing that the trial court abused its discretion in a manner that materially prejudices a party.  *Cashlink* at ¶ 9, citing *Boggs v. The Scotts Co.*, 10th Dist. No. 04AP-425, 2005-Ohio-1264, ¶ 35 .  An abuse of discretion connotes more than a decision that is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 29} The Shopes' argument in this regard rehashes the arguments they have made throughout this case, categorizing McLaughlin's statements as inadmissible hearsay.  However, as we have already determined, the McLaughlin affidavit contained the requisite averments of personal knowledge and competency to testify.  McLaughlin properly authenticated the documents attached to her affidavit.  The Shopes do not

demonstrate that the trial court abused its discretion in admitting McLaughlin's affidavit as evidence in support of Logansport's motion for summary judgment.

{¶ 30} In sum, we find Logansport satisfied its evidentiary burden in showing its entitlement to summary judgment. Having concluded the trial court did not abuse its discretion in admitting McLaughlin's affidavit, the Shopes were required to respond with their own Civ.R. 56 evidence creating a genuine issue of material fact. Because the Shopes failed to do so, we find there are no genuine issues of material fact with respect to Logansport's entitlement to a judgment of foreclosure. Accordingly, we overrule the Shopes' sole assignment of error.

## V. Disposition

{¶ 31} Based on the foregoing reasons, the trial court did not err in granting Logansport's motion for summary judgment. Having overruled the Shopes' sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and HORTON, JJ., concur.

_____