[Cite as *Deutsche Bank Natl. Trust Co. v. Sopp*, 2016-Ohio-1402.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH3, Asset Backed Pass-Through Certificates, Series 2007-CH3, | : : : : | No. 14AP-343 (C.P.C. No. 12CV-5411) |
| Plaintiff-Appellee, | : | (REGULAR CALENDAR) |
| v. | : | |
| Michael Sopp, | : | |
| Defendant-Appellant, | : | |
| Jane Doe, name unknown spouse of Michael Sopp et al., | : : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on March 31, 2016

**On brief:** *The Law Offices of John D. Clunk, Co., L.P.A., Laura C. Infante*, and *Jason A. Whitacre*, for appellee. **Argued:** *Laura C. Infante*.

**On brief:** *Michael Sopp*, pro se. **Argued:** *Michael Sopp*.

APPEAL from the Franklin County Court of Common Pleas

PER CURIAM.

{¶ 1} Michael Sopp, defendant-appellant, appeals the judgment of the Franklin County Court of Common Pleas in which the court granted a judgment in foreclosure against appellant to Deutsche Bank National Trust Company, as Trustee for J.P. Morgan

Mortgage Acquisition Trust 2007-CH3, Asset Backed Pass-Through Certificates, Series 2007-CH3 ("Deutsche"), plaintiff-appellee.

{¶ 2} On September 8, 2006, appellant signed a mortgage and note in favor of ChaseBank, USA, N.A. ("Chase") in the principal amount of $85,000. The note was transferred via an allonge from Chase to Chase Home Finance, LLC ("Chase Home") in February 2007. The note contained another February 2007 allonge with an endorsement in blank from Chase Home. Appellant stopped paying on the loan in March 2011. On March 8, 2012, Chase assigned the mortgage to Deutsche.

{¶ 3} On April 27, 2012, Deutsche filed a complaint in foreclosure. Appellant responded by filing an avalanche of pleadings that were largely confusing and legally irrelevant.

{¶ 4} On March 17, 2014, the trial court heard the matter. On March 25, 2014, the trial court issued a judgment in which it found in favor of Deutsche and ordered appellant to pay the sums due within three days of the date of entry or the property would be foreclosed. Appellant, pro se, appeals the judgment of the trial court, asserting the following assignments of error:

> [I.] Absolute Defense i, "Tendered Payment" of the "Promissory Note" "in Full."
>
> [II.] Affirmative Defense Breach of Contract by Other Party.
>
> [III.] Affirmative Defense Illegality of Mortgage Contract.
>
> [IV.] Absolute Defense Plaintiff is a Third Party Debt Collector and are Excluded by Law from Foreclosing.
>
> [V.] Absolute Defense Plaintiff Failed to File a Lis Pendens before commencing the Foreclosure action.
>
> [VI.] Absolute Defense The Note is a Security Not a Promissory Note so Plaintiff is Excluded by Law from Foreclosing.
>
> [VII.] Affirmative Defense Plaintiff did not File a Preliminary Change in Title and Ownership And the Transferee Buyer Did not Pay the Capital Transfer Tax.

[VIII.] Absolute Defense Plaintiff has Committed Fraud by Loaning Credit so Plaintiff is Excluded by Law from Foreclosing.

[IX.] Absolute Defense Plaintiff is Not a Bank.

[X.] The Lead Counsel did not give a notice of Appearance with the proper Certificate of service as is required under Rule 19.

[XI.] An "authorized" "representative" of plaintiff "received" "Tender of Payment" and "refused" it. The "Debt" is now "Discharged" under *UCC § 3-603. TENDER OF PAYMENT.*

[XII.] Plaintiff is in Direct Violation of Federal Law 15 USC § 1692g(b), and State Law § 1319.12(G)[.]

[XIII.] Plaintiff's Exhibit A Adjustable Rate Note[.]

[XIV.] Chase Bank USA N.A. Deposited and Cashed the Promissory Note.

[XV.] Plaintiff[']s Exhibit B.

[XVI.] The Statute of Frauds[.]

[XVII.] Plaintiff[']s Exhibit C.

[XVIII.] Plaintiff[']s Exhibit D.

[XIX.] Plaintiff[']s Exhibit E.

[XX.] Defendant[']s "Claim in Recoupment" was "dismissed" and not allowed the "opportunity to amend" before being "dismissed" by Daniel Hogan.

[XXI.] Plaintiff does not have a "Vested Claim[.]"

{¶ 5} In his first assignment of error, appellant argues that the terms of the note were met with full accord and satisfaction when he paid off the note to Chase Home on March 14, 2012. Although appellant does not explain his argument any further or make any citations to the trial transcript in his appellate brief, apparently he is referring to a series of documents he submitted as exhibits at trial. The alleged tender of payment is comprised of two customer receipts for United States Postal Service international postal

money orders for $270,959.13; a Uniform Commercial Code Financing Statement and Addendum with JP Morgan Chase Bank NA as debtor, The Michael David Sopp Estate as the secured party, and Humanitarian World Legacy Trust, as an additional secured party; and a general warranty deed with appellant as grantor and Humanitarian World Legacy Trust as grantee. Much of appellant's testimony and evidence at trial related to this alleged tender of payment. He explained the tender at trial, as such:

> So I issued a negotiable instrument to Chase Home Finance, LLC on March 14, 2012. And I issued same instrument to the Treasury Department and they are both payable to the United States without recourse. This is a negotiable instrument under both UCC and Ohio Revised Code.
>
> * * *
>
> So essentially what we have here is a lawful instrument that was tendered to Chase Home Finance, LLC, and they dishonored it, and I show that here under the Ohio Revised Code. And I would like this case dismissed with prejudice, I guess.

{¶ 6}  However, we find appellant failed to demonstrate at trial or before this court that the "negotiable instrument" or "international postal money order" of March 14, 2012 constituted payment in full of the outstanding balances due on the note under the terms of the note. Appellant's arguments before the trial court at the hearing were rambling and convoluted, and appellant has failed to further enlighten this court as to why his alleged tender of payment constituted an actual payment of money. Appellant has presented no argument under his first assignment of error. The burden of affirmatively demonstrating error on appeal rests with the party asserting error. App.R. 9 and 16(A)(7). "It is the duty of the appellant, not the appellate court, to construct the legal arguments necessary to support the appellant's assignments of error." *Bond v. Village of Canal Winchester*, 10th Dist. No. 07AP-556, 2008-Ohio-945, ¶ 16, citing *Whitehall v. Ruckman*, 10th Dist. No. 07AP-445, 2007-Ohio-6780, ¶ 20. " 'It is not the duty of [an appellate] court to search the record for evidence to support an appellant's argument as to alleged error.' " *Ruckman* at ¶ 20, quoting *State ex rel. Petro v. Gold*, 166 Ohio App.3d 371, 2006-Ohio-943, ¶ 94 (10th Dist.). " ' "If an argument exists that can support [an] assignment of error, it is not [an appellate] court's duty to root it out." ' " *Id.*, quoting *Petro* at ¶ 94, quoting *Cardone v.*

*Cardone*, 9th Dist. No. 18349 (May 6, 1998). Therefore, we overrule appellant's first assignment of error.

{¶ 7} We address appellant's second, third, fourth, fifth, seventh, eighth, and ninth assignments of error together, as they are all disposed of based on the same ground. Appellant argues in his second assignment of error that the terms of the mortgage were breached by Deutsche because it did not comply with the notice requirements of the mortgage contract when Chase assigned Deutsche the mortgage in 2012. Appellant raised this same issue in his January 24, 2014 motion to dismiss. Appellant argues in his third assignment of error that Section 20 of the mortgage contract is in clear violation of the Truth in Lending Act, Section 404, which concerns the notification of sale or transfer of mortgage loans. Appellant raised this same issue in his January 24, 2014 motion to dismiss. Appellant argues in his fourth assignment of error that Deutsche is considered a third-party debt collector under R.C. 1319.12 and 15 U.S.C. 1692(a), Fair Debt Collection Practices Act ("FDCPA"), and is excluded by law from foreclosing. Appellant raised this same issue in his February 10, 2014 motion to dismiss. Appellant argues in his fifth assignment of error that Deutsche failed to file a "lis pendens" and is excluded by law from foreclosing. Appellant raised this same issue in his February 10, 2014 motion to dismiss. Appellant argues in his seventh assignment of error that the note was unenforceable because a capital transfer tax was not paid. Appellant raised this same issue in his February 11, 2014 motion to dismiss. Appellant argues in his eighth assignment of error that Deutsche committed fraud by loaning credit to appellant. Appellant raised this same issue in his February 11, 2014 motion to dismiss. Appellant argues in his ninth assignment of error that Deutsche is a trust and not a bank, yet it used the word "bank" in its name. Appellant raised this same issue in his February 11, 2014 motion to dismiss.

{¶ 8} In a February 12, 2014 decision and entry, the trial court denied all of the above motions to dismiss, finding that they were filed after the dispositive motions deadline without obtaining leave from the court. The trial court noted that a review of the motions showed that they would have probably been denied anyway, and to the extent that they were based on evidence outside of the complaint, they could not have been granted even if they were timely filed. Appellant followed up the trial court's denial of

these motions with a flurry of motions for judicial notice, reasserting each of the grounds raised in the aforementioned motions to dismiss. The trial court denied these "motions" in a March 12, 2014 entry finding that they were actually seeking dismissal of the action and, thus, were also filed after the dispositive motions deadline. Appellant fails to contest the trial court's bases for denying his motions, and appellant failed to raise these issues at trial. The failure to raise an issue at trial acts as a waiver of the issue on appeal except for plain error. *Cleveland v. Ellsworth*, 8th Dist. No. 83040, 2004-Ohio-4092. Appellant fails to argue or demonstrate any plain error, and we find no plain error here. Therefore, we overrule appellant's second, third, fourth, fifth, seventh, eighth, and ninth assignments of error.

{¶ 9} Appellant argues in his sixth assignment of error that the note was a security and not a promissory note, so Deutsche was excluded by law from foreclosing. Appellant did make a brief statement at trial that resembled this assertion; however, appellant failed to elicit any testimony or present any evidence to support his contention. Although appellant does submit an elaborately weaved argument of federal codes, regulations, and acts in his appellate brief to support his view, he failed to present any of this evidence or argument at trial. Given his failure to properly support this argument with evidence at trial, we cannot find the trial court erred. We also note that appellant raised this same issue in a February 12, 2012 motion to dismiss. Although we cannot locate an entry from the trial court specifically disposing of appellant's motion, the trial court had already denied his numerous other motions to dismiss that he filed around the same time for having been filed after the deadline for filing dispositive motions, so his February 12, 2014 motion would have been denied on the same grounds. Furthermore, appellant raised this same argument in a February 24, 2014 "motion" for judicial notice, which the trial court denied in a March 12, 2014 entry, finding that the motion was actually seeking dismissal of the action and, thus, was also filed after the dispositive motions deadline. Thus, we overrule appellant's sixth assignment of error.

{¶ 10} Appellant argues in his tenth assignment of error that Deutsche's counsel at trial, Jason Whitacre, filed a notice of appearance on February 6, 2014, but did not properly serve appellant pursuant to a Civ.R. 19 certificate of service; thus, anything Whitacre said at trial should be stricken. Appellant failed to raise this issue at trial.

Notwithstanding, the trial court already addressed this issue in its May 29, 2014 entry denying appellant's April 8, 2014 motion to strike on the same grounds as argued here. The trial court explained that appellant's motion was based on appellant's misunderstanding of the docket, and, although the docket indicates an appearance was filed on February 6, 2014, these appearances were by way of motions filed on those dates and both included certificates of service. Appellant has not explained how the trial court's explanation is erroneous; therefore, we overrule appellant's tenth assignment of error.

{¶ 11} Appellant argues in his eleventh assignment of error that he tendered payment to Deutsche at the March 17, 2014 status conference but it refused payment. The record does not disclose the method or manner by which appellant allegedly attempted to tender; thus, we have no basis on which to sustain appellant's assignment of error. Also, we have already addressed and rejected appellant's argument regarding an attempted payment under his first assignment of error, and we reiterate that finding, insofar as appellant's March 17, 2014 tender was similar to his March 14, 2012 tender. Accordingly, we must overrule appellant's eleventh assignment of error.

{¶ 12} Appellant argues in his twelfth assignment of error that he sent Chase a qualified written request to validate the alleged debt pursuant to FDCPA, but Chase did not respond, so Chase was required to cease collecting the debt in question. Appellant points out that he sent a similar request to Deutsche after the loan servicer changed, and Deutsche did respond but did not validate the debt. Deutsche filed an October 25, 2013 motion to strike appellant's earlier notice filing related to FDCPA, arguing that appellant's filing of the notice with the court is not the proper manner in which to dispute a debt under FDCPA, appellant's letter was two years past the time permitted for disputing a debt under FDCPA, and, regardless, Deutsche responded to the letter. The trial court denied Deutsche's motion to strike on November 26, 2013 finding that, because appellant never filed a legally proper motion that requested the court to take some action based on appellant's filing of the request, the court did not need to determine the effect or validity of the notice. Appellant appears to have attempted to file such a motion by filing a December 17, 2013 motion for judicial notice. The trial court denied that motion on January 1, 2014, finding that none of the issues appellant raised in his motion for judicial notice are proper objects of judicial notice, and asking a court to take judicial notice is not

the proper method for asking the court to render judgment. Appellant does not contest the trial court's grounds for denying his motion, and we find no error. Therefore, we overrule appellant's twelfth assignment of error.

{¶ 13} Appellant argues in his thirteenth assignment of error that the trial court erred when it admitted appellee's exhibit A, a copy of the original promissory note, at trial. Appellant claims that it was not his signature on the note. At trial, while appellant was conducting cross-examination of appellee's witness, the trial court asked appellant if he denied that the signatures on the note and mortgage were his and he stated that he did not believe they were his signatures. Appellant also contends in his assignment of error that the trial court should not have admitted the note without any proof of the signature of the subscribing witness.

{¶ 14} Even assuming, arguendo, that appellant's mention of the signature issue during a discussion with the trial court on an objection by opposing counsel in the midst of appellant's cross-examination of a witness preserves an issue for purposes of appeal, appellant failed to put forth any further argument or evidence during the course of the trial to dispute his signature. R.C. 1303.36 governs "proof of signatures and status as holder in due course," and provides as follows:

> (A) Unless specifically denied in the pleadings, in an action with respect to an instrument, the authenticity of, and authority to make, each signature on an instrument is admitted. If the validity of a signature is denied in the pleadings, the burden of establishing validity is on the party claiming validity but the signature is presumed to be authentic and authorized * * *.

{¶ 15} In *Bates & Springer, Inc. v. Stallworth*, 56 Ohio App.2d 223 (8th Dist.1978), paragraph five of the syllabus, the court held:

> R.C. 1303.36(A) provides that when the effectiveness of a signature to an instrument becomes an issue in a case the burden of establishing it is on the party claiming under the signature. The signature is presumed genuine and authorized, but this presumption is rebuttable and may be overcome by evidence to the contrary. If the party denying the signature introduces sufficient evidence to overcome the rebuttable presumption, then the case is decided upon all of the evidence introduced at trial with the party claiming under the signature having the burden of establishing the effectiveness of the

signature by a preponderance of the evidence as in other civil cases. R.C. 1303.36(A) requires that in order to rebut the presumption of the authenticity of a signature on an instrument the party denying the signature must introduce evidence to support his denial which if believed would be sufficient to permit, yet not require, the trier of fact to make a finding in his favor.

{¶ 16} In his answer to the complaint and counterclaim, appellant admits several times having placed his signature on the note, stating, for example, "Defendant has established that this Note was created on Defendant[']s credit, and signature," and "Defendant Issued Credit to Chase Home Finance, LLC in the amount of $85,000.00 on September 8, 2006 as evidence[d] by his signature on said Note." Nowhere in the complaint or counterclaim does appellant claim the signatures were not his own. Appellant's failure to specifically deny placing his signature on the note creates a rebuttable presumption that the signatures on the note are genuine and authorized. Appellant did not present any evidence at trial to rebut this presumption. We also note that appellant admitted throughout his pleadings in the trial court that he entered into the loan. Therefore, we overrule appellant's thirteenth assignment of error.

{¶ 17} In his fourteenth assignment of error, appellant raises other issues related to appellee's exhibit A. Appellant contends that Deutsche was not a holder in due course because Chase turned the note into cash pursuant to 12 U.S.C. 1813(L)(1), *Uniform Commercial Code*, Section 3-306, and R.C. 1303.36. Appellant further contends that exhibit A was not the same document recorded with the Franklin County Recorder's Office or the same document attached to appellee's complaint. However, appellant did not raise these issues at trial and presented no evidence at trial to support his assertions. Furthermore, Deutsche presented testimony from David Recksiek, an employee for Select Portfolio Servicing ("Select"), the current loan servicer, who authenticated a copy of the original promissory note. For these reasons, we overrule appellant's fourteenth assignment of error.

{¶ 18} Appellant argues in his fifteenth assignment of error that the copies of the original mortgage documents submitted as exhibit B at trial were not the same as the alleged copies of the original mortgage documents attached to appellee's complaint. Appellant failed to raise this issue at trial or present any evidence to suggest

inauthenticity. Recksiek authenticated the copy of the original mortgage admitted as exhibit B, and appellant did not object to its admittance. Therefore, appellant's fifteenth assignment of error is overruled.

{¶ 19} We will address appellant's sixteenth and seventeenth assignments of error together, as they are related. Appellant argues in his sixteenth assignment of error that Deutsche committed fraud in the pooling and servicing agreement that transferred the mortgage to Deutsche, and argues in his seventeenth assignment of error that the transfer of the mortgage was executed in violation of the pooling and servicing agreement. Appellant attempted to raise compliance with the pooling and servicing agreement at trial, but the trial court refused to allow appellant to present any argument related to the issue, finding that because appellant was not a party to the pooling and servicing agreement, he had no standing to contest that contract. In *Logansport Sav. Bank, FSB v. Shope*, 10th Dist. No. 15AP-148, 2016-Ohio-278, ¶ 17-18, this court found that " 'any violation of the pooling and services agreement is irrelevant in light of [mortgagee's] standing based on its possession of the promissory note.' " *Id.* at ¶ 17, quoting *Bank of New York Mellon v. Antes*, 11th Dist. No. 2014-T-0028, 2014-Ohio-5474, ¶ 40. Thus, "[w]hether * * * the parties to the [pooling and servicing agreement] failed to comply with the terms of [that agreement] is irrelevant to [the bank's] standing as the holder of the note. By virtue of its possession of the note endorsed in blank, [the bank] was the holder of the note and entitled to enforce the note under Ohio law." *Id.*, quoting *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. No. 98502, 2013-Ohio-1657, ¶ 62, citing R.C. 1301.01(T)(1) and 1303.31(A)(1). Here, " 'because the note was endorsed in blank, the note was a bearer instrument payable to anyone holding it.' " *Shope* at ¶ 18, quoting *Antes* at ¶ 42, citing *Bank of New York Mellon v. Froimson*, 8th Dist. No. 99443, 2013-Ohio-5574, ¶ 23. Thus, in the present case, insofar as appellant is contending that Deutsche was not a valid holder of the note based on any non-compliance with or violation of a pooling and servicing agreement, we agree with the trial court that such argument is without merit. Appellant's sixteenth and seventeenth assignments of error are overruled.

{¶ 20} Appellant argues in his eighteenth assignment of error that the trial court erred when it admitted exhibit D, which was the May 16, 2011 notice of default Chase sent appellant. Appellant claims that exhibit D was not a notice of default. Appellant contends

that exhibit D does demonstrate that Deutsche breached section 22 of the mortgage contract, and Deutsche did not give proper Housing and Urban Development counseling notifications. However, although appellant did state during his cross-examination of Deutsche's witness, Recksiek, that he did not believe exhibit D was a notice of default, appellant did not present any testimony or evidence at trial to support such a contention. Appellant also did not object to the court's admittance of exhibit D. Furthermore, Recksiek authenticated the document, after testifying that Select obtained the prior loan servicing records from Chase and incorporated those records into its own records. For these reasons, we overrule appellant's eighteenth assignment of error.

{¶ 21} In his nineteenth assignment of error, appellant raises arguments relating to the matters contained within exhibit E, which is a payment history report detailing his payment on the loan, his subsequent default, and the amount due and owing on the loan. Appellant raises several issues with regard to this exhibit; however, he raised none of these arguments at trial. Again, Recksiek authenticated the exhibit at trial, and the trial court admitted exhibit E without objection. Appellant did not cross-examine Recksiek on the contents of exhibit E. Therefore, we find appellant has waived these arguments for purposes of appeal, and the trial court properly admitted exhibit E. Appellant's nineteenth assignment of error is overruled.

{¶ 22} Appellant argues in his twentieth assignment of error that the trial court erred when it dismissed his claim in recoupment without giving him an opportunity to amend. Appellant's argument under this assignment of error is brief but confusing. We are not able to decipher his precise argument, and appellant fails to cite the part of the record that demonstrates the alleged error. We will not search the record looking for evidence to support appellant's argument. *See Ruckman* at ¶ 20. Furthermore, appellant did not raise this issue at trial and, thus, waived it for purposes of appeal. For theses reasons, we overrule appellant's twentieth assignment of error.

{¶ 23} Although appellant listed a twenty-first assignment of error under his statement of assignments of error, he did not separately argue that assignment of error in his brief. App.R. 16(A)(7) requires an appellant to separately argue each assignment of error. Furthermore, App.R. 12(A)(2) authorizes us to disregard any assignment of error

that an appellant fails to separately argue. Therefore, we overrule appellant's twenty-first assignment of error.

{¶ 24} Accordingly, appellant's twenty-one assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK, BROWN and KLATT, JJ., concur.

_____