[Cite as *Deutsche Bank Natl. Trust Co. v. Thomas*, 2015-Ohio-4037.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Deutsche Bank National Trust Co., as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2005-WL1, Asset-Backed Certificates, | : | |
| | : | |
| | : | |
| Plaintiff-Appellee, | : | No. 14AP-809 (C.P.C. No. 13 CV 003635) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Susan Thomas, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 30, 2015

*Jason A. Whitacre* and *Stefanie L. Deka*, for appellee.

*Kendo, Alexander, Cooper & Engel LLP*, and *Andrew Engel*; *Mills, Mills, Fiely & Lucas LLC*, and *Brian D. Flick*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1}  Defendant-appellant, Susan Thomas ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas denying her motion to strike an affidavit filed by plaintiff-appellee, Deutsche Bank National Trust Co., as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2005-WL1, Asset-Backed Certificates ("appellee"), and granting summary judgment in favor of appellee. Because we conclude that appellee failed to demonstrate there was no genuine issue of material fact as to whether it was entitled to enforce the note, we reverse.

{¶ 2}  On March 10, 2005, appellant executed a promissory note in favor of Long Beach Mortgage Company ("Long Beach") in the amount of $451,250 in return for a loan

made by Long Beach in the same amount. On that same date, appellant executed a mortgage on real property located at 4359 Hanna Hills Drive, Dublin, Ohio. The mortgage described appellant as the mortgagor and borrower and identified Long Beach as the lender.

{¶ 3} On April 1, 2013, Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL1 ("Deutsche Bank") filed a complaint in foreclosure, asserting that it was "in possession of and entitled to enforce" the note executed by appellant. (Complaint, ¶ 1.) The complaint named appellant and John Thomas as defendants, along with the Franklin County Treasurer, the State of Ohio Department of Taxation, and several banks. Deutsche Bank also asserted that it had been assigned the mortgage executed by appellant. As exhibits to its complaint, Deutsche Bank filed copies of the note and mortgage executed by appellant, and an assignment of mortgage from "Washington Mutual Bank siit Long Beach Mortgage Company" to Deutsche Bank. Deutsche Bank sought judgment against appellant in the amount of the sum it alleged was unpaid on the note, reformation of the mortgage to state that it was granted by appellant and her husband, John Thomas, and an order foreclosing the mortgage and ordering sale of the premises to satisfy the amounts due it. Appellant and John Thomas filed an answer asserting, among other defenses, that Deutsche Bank lacked standing and was not the real party in interest. Appellant and John Thomas also claimed that Deutsche Bank was not the holder or holder in due course of the note, was not entitled to enforce the note, and did not hold the note at the time the complaint was filed.

{¶ 4} Deutsche Bank subsequently moved to substitute appellee as the party plaintiff under Civ.R. 25(C), asserting that appellee was the current holder of the note and mortgage. Deutsche Bank supported its motion to substitute with corporate assignment of mortgage document reflecting that the mortgage had been assigned from Deutsche Bank to appellee. The trial court granted the motion to substitute, finding that appellee had been assigned the note and mortgage.

{¶ 5} Appellee filed a motion for summary judgment asserting, in part, that it had presented evidence demonstrating that it had possession of the note, which was payable to bearer due to a blank indorsement by Long Beach. In support of its motion for summary judgment, appellee provided an affidavit from Karter Nelson ("the Nelson

affidavit"). Appellant filed a motion to strike the Nelson affidavit, asserting that Nelson lacked personal knowledge of the facts asserted in the affidavit. Appellant argued that Nelson failed to properly authenticate the documents attached to the affidavit and that the affidavit was ineffective to demonstrate possession of the note. Appellant also filed a response in opposition to appellee's motion for summary judgment, claiming that the Nelson affidavit was insufficient and, therefore, appellee failed to demonstrate that it was entitled to judgment as a matter of law. The court granted appellee's motion for summary judgment.

{¶ 6} Appellant appeals from the trial court's judgment, assigning two errors for this court's review:

> [1.] The trial court erred in overruling Thomas's Motion to Strike Affidavit.
>
> [2.] The trial court erred in granting Deutsche Bank's Motion for Summary Judgment.

{¶ 7} We begin our analysis with appellant's second assignment of error, in which she asserts that the trial court erred by granting summary judgment in favor of appellee.

{¶ 8} An order granting summary judgment is subject to de novo review. *Capella III, L.L.C. v. Wilcox,* 190 Ohio App.3d 133, 2010-Ohio-4746, ¶ 16 (10th Dist.), citing *Andersen v. Highland House Co.,* 93 Ohio St.3d 547, 548 (2001). "De novo appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision." (Internal citations omitted.) *Holt v. State,* 10th Dist. No. 10AP-214, 2010-Ohio-6529, ¶ 9. Summary judgment is appropriate where "the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made." *Capella III* at ¶ 16, citing *Gilbert v. Summit Cty.,* 104 Ohio St.3d 660, 2004-Ohio-7108, ¶ 6. In ruling on a motion for summary judgment, the court must resolve all doubts and construe the evidence in favor of the nonmoving party. *Pilz v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 04AP-240, 2004-Ohio-4040, ¶ 8. *See also Hannah v. Dayton Power & Light Co.*, 82 Ohio St.3d 482, 485 (1998) ("Even the inferences to be drawn from the underlying facts contained in the evidentiary

materials, such as affidavits and depositions, must be construed in a light most favorable to the party opposing the motion."). Therefore, we undertake an independent review to determine whether appellee was entitled to judgment as a matter of law.

{¶ 9} A plaintiff seeking summary judgment on a foreclosure claim must demonstrate that it was entitled to enforce the note and had an interest in the mortgage on the date the foreclosure complaint was filed. *FV-I, Inc. v. Lackey*, 10th Dist. No. 13AP-983, 2014-Ohio-4944, ¶ 15. *See JPMorgan Chase Bank, N.A. v. Allton*, 10th Dist. No. 14AP-228, 2014-Ohio-3742, ¶ 12 ("Summary judgment in a foreclosure action is not appropriate unless the party seeking foreclosure demonstrates that it is entitled to enforce the note and had an interest in the mortgage on the date it filed the complaint."). Generally, Ohio courts have held that a promissory note secured by a mortgage is a negotiable instrument. *Bank of Am., N.A. v. Pasqualone*, 10th Dist. No. 13AP-87, 2013-Ohio-5795, ¶ 29. Pursuant to R.C. 1303.31(A)(1), a "person entitled to enforce" a negotiable instrument includes the holder of the instrument. "Holder" is defined, in relevant part, as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." R.C. 1301.201(B)(21)(a).

{¶ 10} Deutsche Bank attached a copy of the note to the complaint. The note named Long Beach as the lender and appellant as the borrower. The copy of the note attached to the complaint also appeared to include an allonge bearing a blank indorsement signed by a vice president of Long Beach.[1] A blank indorsement makes a negotiable instrument payable to bearer. R.C. 1303.25(B). Therefore, to establish that it was entitled to enforce the note as the holder, appellee was required to demonstrate that it had possession of the note.

{¶ 11} Appellant argues that appellee failed to prove that it was entitled to enforce the note because it failed to provide any competent evidence that it has possession of the note. Appellant claims that the Nelson affidavit failed to address whether Deutsche Bank

---

[1] The document attached as Exhibit A to the complaint was four pages long. It consisted of a copy of the three-page note, with each page numbered at the bottom (e.g., "Page 1 of 3"), and a fourth page that was blank except for an indorsement stamp signed by a vice president of Long Beach. Thus, the fourth page appears to be an allonge attached to the original note. "An allonge is 'a slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements.' " *Pasqualone* at ¶ 32, fn. 10, quoting *Black's Law Dictionary* 88 (9th Ed.2009).

had possession of the note when the complaint was filed. Thus, appellant argues that appellee failed to establish that it was entitled to enforce the note as the holder of it.

{¶ 12} In *Pasqualone*, this court considered whether the plaintiff, Bank of America, had standing to file a foreclosure action despite the fact that it was not the original lender named in the promissory note. Bank of America alleged in the foreclosure complaint that it qualified as a "person entitled to enforce" the note under R.C. 1303.31. *Id.* at ¶ 4. The complaint included a copy of the note, which bore an indorsement from the original lender to Bank of America and a blank indorsement signed by an assistant vice president of Bank of America. *Id.* After the homeowners did not timely file an answer, Bank of America moved for default judgment. In support of its motion for default judgment, Bank of America filed an affidavit from its vice president attesting, in part, that Bank of America had possession of the note. *Id.* at ¶ 6. The trial court granted default judgment in favor of Bank of America; the homeowners subsequently filed a motion for relief from judgment. *Id.* at ¶ 6-7.

{¶ 13} On appeal from the denial of their motion for relief from judgment, the homeowners argued that Bank of America lacked standing to enforce the note and mortgage. In analyzing Bank of America's standing with respect to the note, the court observed that the note had been specially indorsed from the original lender to Bank of America. It had also been indorsed in blank by Bank of America, which made the note payable to bearer. *Id.* at ¶ 33. In addition to presenting a copy of the note, Bank of America presented an affidavit averring that it had possession of the note. Therefore, the court concluded, Bank of America established that it was the holder of the note and was a person entitled to enforce the note under R.C. 1303.31. *Id. See U.S. Bank Natl. Assn. v. Urbanski*, 10th Dist. No. 13AP-520, 2014-Ohio-2362, ¶ 10 (concluding that the plaintiff qualified as holder of the note because a blank-indorsed copy of the note was attached to the complaint and an employee of the plaintiff's loan servicer averred in an affidavit that the plaintiff was in possession of the original note when the complaint was filed). *See also U.S. Bank Natl. Assn. v. Gray*, 10th Dist. No. 12AP-953, 2013-Ohio-3340, ¶ 26 (concluding that plaintiff had constructive possession of blank-indorsed note where the plaintiff's servicing agent held physical possession of the note on behalf of the plaintiff and, therefore, the plaintiff was the holder of the note).

{¶ 14} Other courts have reached similar conclusions when determining whether plaintiffs have established standing by showing possession of a note. In *Cent. Mtge. Co. v. Elia*, 9th Dist. No. 25505, 2011-Ohio-3188, the defendant homeowners argued that the plaintiff lacked standing to seek foreclosure because it was not the current holder and owner of their mortgage. *Id.* at ¶ 4. The plaintiff moved for summary judgment and filed an affidavit in support from its vice president. In the affidavit, the vice president asserted that she was the custodian of certain business records and had personal knowledge of the contents of those records. She also attested that the plaintiff had possession of the defendants' promissory note. *Id.* at ¶ 9. The affidavit also incorporated by reference copies of the promissory note, containing a blank indorsement, the mortgage, and an assignment of the mortgage from the original lender to the plaintiff. *Id.* at ¶ 11. The Ninth District Court of Appeals affirmed summary judgment in favor of the plaintiff, concluding, in part, that the plaintiff established it had standing to seek foreclosure. In reaching its conclusion, the court specifically pointed to the assertion in the vice president's affidavit that the plaintiff had possession of the blank-indorsed note. *Id.*

{¶ 15} Similarly, in *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. No. 98502, 2013-Ohio-1657, the Eighth District Court of Appeals held that the plaintiff, which was not the original lender named in the note and mortgage, established that it had standing as the holder of the note. In support of its motion for summary judgment, the plaintiff attached a copy of the note, which had been specially indorsed from the original lender to a second entity and then indorsed in blank by the second entity, and an affidavit from the vice president of its mortgage loan servicer authenticating the copy of the blank-indorsed note and attesting that the plaintiff had possession of the note. *Id.* at ¶ 58. *See Bank of Am., N.A. v. Duran*, 6th Dist. No. L-14-1031, 2015-Ohio-630, ¶ 40 ("Here, the note is endorsed in blank. Fazio testified in her affidavit that appellee has possession of the note. Thus, appellee has demonstrated that it is the holder and party entitled to enforce the note."); *U.S. Bank, Natl. Assn. v. Adams*, 6th Dist. No. E-11-070, 2012-Ohio-6253, ¶ 18 ("U.S. Bank's possession of the note was demonstrated by the attachment of a copy of the note to the complaint and the affidavit, coupled with Rowles' statements concerning U.S. Bank's possession of the note and mortgage in her affidavit.").

{¶ 16} By contrast, in *Bank of New York Mellon Trust Co. Natl. v. Mihalca*, 9th Dist. No. 25747, 2012-Ohio-567, the Ninth District Court of Appeals held that Bank of New York was not entitled to summary judgment because there was a genuine issue of material fact as to whether it was in possession of the original note. Bank of New York filed for foreclosure, attaching purported copies of the defendants' note and mortgage to its complaint. The note named Equifirst Corp. as the payee; attached to the note was a copy of an indorsement by Equifirst Corp. to Barclays Bank and a copy of an allonge indorsed by Barclays Bank making the note payable to Bank of New York. *Id.* at ¶ 2. The complaint also included a certificate from Bank of New York's counsel attesting that, to the best of her knowledge, the original note and mortgage were in possession of Bank of New York. *Id.* The defendants demanded to inspect the note, but Bank of New York failed to produce it. *Id.* at ¶ 3. Bank of New York filed for summary judgment, supporting its motion with an affidavit from an assistant secretary for another entity, asserting that she was attorney in fact for Bank of New York and that Bank of New York was the holder and payee of the note and mortgage. *Id.*

{¶ 17} On appeal of an award of summary judgment in favor of Bank of New York, the Ninth District concluded that doubt arose as to Bank of New York's possession of the note because the defendants questioned whether it had possession and the record did not indicate that it had produced the note. *Id.* at ¶ 14. The defendants also challenged the affidavit asserting that Bank of New York was the holder of the note, asserting that the affiant lacked personal knowledge. *Id.* at ¶ 15. The Ninth District held that the affidavit was insufficient to overcome the doubt regarding the issue of possession because the affiant failed to state how her position at another entity made her familiar with the defendants' account records and because her broad averment that Bank of New York was "the holder" of the note suggested it was unlikely that she had personal knowledge of Bank of New York's possession of the note. *Id.* at ¶ 17. Construing all doubts in favor of the defendants as the non-moving party, the court concluded that Bank of New York was not entitled to summary judgment because there was a genuine issue of whether it had possession of the note and, accordingly, whether it was the holder of the note and real party in interest. *Id.* at ¶ 18.

{¶ 18} In this case, Deutsche Bank, the predecessor plaintiff to appellee, asserted in the complaint that it was in possession of and entitled to enforce the note, and attached a copy of the note bearing the blank indorsement from Long Beach. Appellant's answer denied that Deutsche Bank had possession of the note. Appellee, as the party moving for summary judgment, bore the burden of demonstrating that there was no genuine issue of material fact regarding its possession of the note, which was an essential element of its claim. *See Capella III* at ¶ 16. Appellee sought to satisfy this burden by presenting the Nelson affidavit. In the affidavit, Nelson attested that he was a document control officer for Select Portfolio Servicing, Inc., the servicer for appellee. He asserted that he had access to the loan records relevant to appellant's loan and was personally familiar with the loan. Nelson averred that appellee was "the holder and owner of a bond/note and mortgage executed by Susan Thomas in the sum of $451,250.00 dated March 10, 2005." (Nelson affidavit, ¶ 3.) Nelson also averred that the documents attached as exhibits to the affidavit were true copies of the note and mortgage. The attachments to the affidavit were copies of the note and mortgage as filed with the complaint, demonstrated by the fact that they bore the trial court's file stamp across the top of the documents.

{¶ 19} Under these circumstances, construing the evidence in favor of appellant as the non-moving party, we conclude that the Nelson affidavit was insufficient to establish that appellee had possession of the note and was entitled to enforce the note as the holder. Unlike the affiants in cases such as *Pasqualone, Elia,* and *Najar,* Nelson did not state in his affidavit that appellee had possession of the note. Although Nelson asserted that appellee was the holder of the note, an entity's status as a holder is a legal conclusion, and Nelson failed to provide facts to support the conclusion—i.e., that appellee had possession of the blank-indorsed note. Affidavits that merely set forth legal conclusions without stating supporting facts are insufficient under Civ.R. 56. *Tolson v. Triangle Real Estate,* 10th Dist. No. 03AP-715, 2004-Ohio-2640, ¶ 12. Nelson attested that the document attached as an exhibit to the affidavit was a true copy of the note. However, that document was a copy of the note as filed with the complaint, and Nelson failed to specify how he ascertained that it was a true copy of the *original* note. Similar to *Mihalca,* Nelson's broad assertion that appellee was the holder of the note did not establish, based on his personal knowledge, that appellee had possession of the note. Thus, the Nelson affidavit was

insufficient to establish that appellee had possession of the note. Possession of the blank-indorsed note was required to show that appellee was entitled to enforce it, which was an essential element of appellee's claim. Attaching a copy of the note to the complaint suggests that appellee may have possession of the note.[2] However, the evidence presented in support of appellee's motion for summary judgment failed to demonstrate that there was no genuine issue of material fact as to whether appellee had possession of the blank-indorsed note and, therefore, was entitled to enforce it as the holder of the note. The trial court erred by granting summary judgment in favor of appellee.

{¶ 20} Accordingly, we sustain appellant's second assignment of error.

{¶ 21} Having sustained appellant's second assignment of error, her first assignment of error, which asserts that the trial court erred by denying her motion to strike the Nelson affidavit, is rendered moot.

{¶ 22} For the foregoing reasons, appellant's second assignment of error is sustained, and her first assignment of error is moot. We reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed; cause remanded.*

BRUNNER and HORTON, JJ., concur.

————————————

---

[2] We also note that, pursuant to a case management order issued by the trial court, appellee submitted a document entitled "Certification by Plaintiff's Counsel." In the certification, appellee's counsel stated: "I certify that I have personally verified that plaintiff is the holder of the original note, which is in its possession and will be produced at the court's request." (Certification, ¶ 2.) The certification referred to counsel's professional duties under the civil rules and the rules of professional conduct but was not a sworn statement. Although the certification was submitted to the trial court, it was not cited as evidence in support of appellee's motion for summary judgment. Moreover, it does not appear that this certification by appellee's counsel was cognizable evidence upon which the trial court could grant summary judgment. *See* Civ.R. 56(C) ("Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in this action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule."). Finally, it appears that a similar certification was filed in *Mihalca,* but the Ninth District concluded that the plaintiff failed to show that there was no genuine issue of material fact as to whether it possessed the note and did not rely on the attorney's certification as evidence in the plaintiff's favor. Therefore, while we recognize the presence of this certification in the record, we conclude that appellee failed to support its motion for summary judgment with cognizable evidence that established there was no genuine issue of material fact with respect to its status as an entity entitled to enforce the note.