[Cite as *U.S. Bank Natl. Assn. v. George*, 2016-Ohio-7788.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

U.S. Bank National Association,     :
as Trustee, Successor in Interest to
Wachovia Bank, National Association as  :
Trustee for Wells Fargo Asset Securities
Corporation, Mortgage Pass-Through   :            No. 14AP-817
Certificates, Series 2003-D,                 (C.P.C. No. 12CV-13226)
                              :
       Plaintiff-Appellee,               (REGULAR CALENDAR)
                              :
v.
                              :
Douglas K. George et al.,
                              :
       Defendants-Appellants,
                              :
Westbury Homeowners'
Association, Inc. et al.,              :
       Defendants-Appellees.     :

---

D E C I S I O N

Rendered on November 17, 2016

---

**On brief:** *Thompson Hine LLP*, *Scott A. King*, and *Terry W. Posey, Jr.*, for appellee U.S. Bank National Association.

**On brief:** *McGookey Law Offices, LLC*, *Daniel L. McGookey*, *Kathryn M. Eyster*, and *Lauren E. McGookey*, for appellants.

---

ON MOTION FOR RECONSIDERATION

BRUNNER, J.

{¶ 1} Plaintiff-appellee, U.S. Bank National Association ("U.S. Bank"), as trustee, successor in interest to Wachovia Bank, National Association ("Wachovia"), as trustee for the Wells Fargo Asset Securities Corporation, mortgage pass-through certificates, series 2003-D (the "trust"), requests that we reconsider our decision issued December 3, 2015,

No. 14AP-817

reversing summary judgment by the Franklin County Court of Common Pleas in an action filed against defendants-appellants, Douglas K. and Robin A. George, for the balance due on a promissory note and to foreclose a mortgage against real property located at 7511 Windsor Drive, Dublin, Ohio 43016, which secured repayment of the note. For the reasons stated in this decision, we overrule the motion for reconsideration.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} The crux of the motion for reconsideration is U.S. Bank's assertion that the "[o]pinion did not address the evidence that U.S. Bank was a non-holder in possession with the *rights of a holder*" and that because it did not do so, our decision contained error. (Emphasis added.) (Dec. 14, 2015 Mot. for Recons. at 2.) We note from the record that U.S. Bank argued the point in its brief but, on summary judgment before the trial court, it argued standing generally and stated, "[p]laintiff contends that the right to enforce the note * * * provides it with standing in the foreclosure case. A promissory note is a negotiable instrument." (Mar. 18, 2014 Pl.'s Reply to Defs.' Memo. in Opp. to Mot. for Summ. Jgmt. at 10.) It was more so the Georges in their memorandum contra summary judgment who addressed U.S. Bank's late-emphasized contentions that they held standing as a nonholder in possession with rights of a holder. In opposing summary judgment before the trial court, the Georges cited and quoted from *U.S. Bank, N.A. v. Coffey,* 6th Dist. No. E-11-026, 2012-Ohio-721, positing that U.S. Bank had to be either a holder of the note or a nonholder with right of possession, and as such, they argued that U.S. Bank was not a person entitled to enforce the note. (Mar. 7, 2014 Defs.' Memo. in Opp. to Pl.'s Mot. for Summ. Jgmt. at 19.) We could question whether U.S. Bank's arguments in its brief on its asserted standing as a nonholder in possession with rights of a holder can be the subject of a motion for reconsideration. But, on a review of the record, we find that the issue was tangentially argued before the trial court and we address the issue in this decision on reconsideration.

{¶ 3} We have set forth the overall background facts of this case in detail in our prior decision and refer to the details of that decision for a complete factual recitation. *U.S. Bank, N.A. v. George*, 10th Dist. No. 14AP-817, 2015-Ohio-4957, ¶ 1-7 ("*George I*"). For clarity of discussion on our decision on U.S. Bank's motion for reconsideration, we point to the facts salient to U.S. Bank's motion as they exist in paragraphs six and seven of *George I.* The evidence documenting U.S. Bank's interest in the note for the Georges'

debt that is secured by the mortgage on their property "is not identical to the note attached to the complaint and the amended complaint * * *. In her affidavit, Jones attested to this documentation by stating: 'Attached as exhibits hereto are copies of the Note with any applicable indorsements and the Mortgage with any applicable Assignments, a payment history and the demand letter, redacted solely to protect any private, personal, financial information.' (Jones Affidavit, ¶ 9.)" *Id.* at ¶ 6.

{¶ 4} The copy of the note attached to Jones' affidavit contained the first indorsement by M/I Financial Corp. ("M/I Financial") to Wells Fargo Home Mortgage, Inc. ("WFHMI") but omitted the further indorsement to Wachovia and the allonge bearing the indorsement to U.S. Bank. Attempting to correct the discrepancy, on October 21, 2013, U.S. Bank filed a motion to incorporate in which its counsel stated that "through inadvertence a full copy of the Promissory Note, which was attached to the Complaint, was not attached to [U.S. Bank]'s Motion for Summary Judgment." According to *George I*, U.S. Bank moved for an order "incorporating" the full copy. *Id.* at ¶ 7. The motion to incorporate was granted by the trial court the same day it was filed. However, while counsel stated that the full copy was attached to the motion to incorporate, the supposed attachment is not in the record, and thus, nothing appears to have been incorporated. Over the Georges' opposition, the trial court granted U.S. Bank's motion for summary judgment.

{¶ 5} On appeal, the Georges asserted a single assignment of error:

> The trial court erred in granting U.S. Bank's Motion for Summary Judgment.

*Id.* at ¶ 1. We sustained this assignment for the reasons set forth in *George I*. The Franklin County Clerk of Courts dispatched a notice regarding the entry of judgment associated with the decision on December 3, 2015.

{¶ 6} On December 14, 2015, U.S. Bank filed a motion for reconsideration arguing that we should reconsider certain aspects of *George I*.

## II. MOTION FOR RECONSIDERATION

{¶ 7} A motion for reconsideration of a state court appellate decision is reviewed for "whether the motion calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully

No. 14AP-817

considered by the court when it should have been." *Matthews v. Matthews*, 5 Ohio App.3d 140 (10th Dist.1981), paragraph two of the syllabus (construing App.R. 26).

{¶ 8} U.S. Bank argues that we did not address evidence that it was a nonholder in possession with rights of a holder in *George I*. And specifically, U.S. Bank asserts that the following evidence is undisputed: (1) on August 8, 2002, the Georges executed the note and mortgage in favor of M/I Financial, citing the amended complaint and the affidavit of Megan A. Jones at paragraph 3-4, attached to U.S. Bank's motion for summary judgment, (2) on August 8, 2002, M/I Financial executed an assignment of mortgage to WFHMI assigning the mortgage "together with the notes and indebtedness thereby secured," citing exhibit D to the amended complaint, (3) on September 17, 2009, Wells Fargo Bank, N.A., successor by merger with WFHMI, executed an assignment of the mortgage to U.S. Bank, assigning the mortgage, "together with the Promissory Note secured thereby and referred to therein, and all sums of money due," citing exhibit F to the amended complaint, (4) at the time of filing the complaint through the dates of Jones' affidavit, U.S. Bank alleges that, "directly or through an agent," it "had and has been in possession of the Note," citing paragraph 5 of the Jones affidavit, and (5) the original note was produced at a deposition of U.S. Bank's corporate representative, citing exhibit T to the motion for summary judgment, the deposition of John McCray, at paragraph 32-33.

{¶ 9} U.S. Bank argues the Court's holding in *George I* that the evidence was insufficient to show that U.S. Bank was a nonholder in possession and thereby was not entitled to enforce its alleged interest in the note and mortgage, "ignored both the record evidence and is legally incorrect." (Dec. 14, 2015 Memo. in Support of Mot. For Recons. at 5.) U.S. Bank went on to state in its motion that:

> Under R.C. 1303.31(A)(2) , a "nonholder in possession of the instrument who has the rights of a holder" can enforce the instrument. Like holders, nonholders must have possession. However, unlike holders (who need to *only* have possession), nonholders must also have independent evidence of transfer of the instrument by someone who had the right to transfer it. R.C. 1303.22 .

(Emphasis sic.) *Id*. at 5-6.

{¶ 10} We agree with this statement of law, but, in applying it to the record, we reject U.S. Bank's arguments that there was no material issue of fact that U.S. Bank was a

party entitled to enforce the note on the basis that it was a "non-holder in possession with the rights of a holder." *Id.* at 10.   U.S. Bank requests that we adopt decisions from the Eighth, Fifth, Twelfth and Second District Courts of Appeals that have "applied R.C. 1303.31(A)(2), finding that possession of the promissory note when combined with evidence of a 'transfer' is sufficient to establish a party's status as a 'party entitled to enforce,' under R.C. 1303.31." (Memo. in Support of Mot. for Recons. at 6.)   Thereafter, U.S. Bank cites R.C. 1303.22(B) containing language that, " '[t]ransfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument.' " *Id.* at 6-7.   In reviewing U.S. Bank's arguments, we find no basis to reverse our prior decision.

### A.  The Record

{¶ 11} U.S. Bank filed its complaint in the trial court as "U.S. Bank, National Association, as Trustee, Successor in Interest to Wachovia Bank, National Association as Trustee for the Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2003-D." (Oct. 19, 2012 Compl. at 1.)  The original holder of the note was M/I Financial who, on the date of its making (at the closing for the Georges' real estate purchase of their home), indorsed the note to WFHMI.  Thereafter, the note was indorsed to Wachovia "[a]s Trustee under the pooling and servicing agreement dated * * * February 26, 2003." (Ex. A at 5, Compl.)   The allonge to the note was endorsed by Wells Fargo Bank, N.A. as WFHMI's attorney in fact to U.S. Bank as "successor in interest to Wachovia Bank * * * as trustee." (Emphasis omitted.)  (Ex. A at 6, Compl.)

{¶ 12} That Wells Fargo Bank, N.A. was the survivor of a merger with WFHMI is not established by the record. There is no certificate of merger between them appearing in the record.[1] *See CitiMortgage, Inc. v. Guinther*, 10th Dist. No. 12AP-654, 2013-Ohio-4014, ¶ 16-20 (holding a merger certificate as sufficient evidence of a merger). The Assignment of Mortgage, Jones' affidavit, Preliminary Judicial Report, and various pleadings assert that Wells Fargo Bank, N.A. is the successor by merger to WFHMI, but there is no evidentiary-quality material in the record such as a certificate of merger that supports this.  Nor does Jones in her affidavit establish personal knowledge of the merger. Even though McCray insisted in his deposition that Wells Fargo Bank, N.A. was the

---

[1] The Georges, in their memorandum in opposition to summary judgment, argued at length that summary judgment should not be granted because Wells Fargo Bank, N.A. had failed to show evidence of a merger.

No. 14AP-817

successor to both WFHMI and Wachovia, he admitted that there were no documents in the record to confirm this.

> "[W]hen a merger between two companies occurs, one of those companies ceases to exist: '[A] merger involves the absorption of one company by another, the latter retaining its own name and identity, and acquiring the assets, liabilities, franchises and powers of the former. Of necessity, the absorbed company ceases to exist as a separate business entity.' " *Acordia of Ohio, L.L.C. v. Fishel*, 133 Ohio St.3d 345, 2012 Ohio 2297, ¶ 12, 978 N.E.2d 814 ("*Acordia I*"), quoting *Morris v. Invest. Life Ins. Co.*, 27 Ohio St.2d 26, 31, 272 N.E.2d 105 (1971). "[T]he absorbed company becomes a part of the resulting company following merger [and] the merged company has the ability to enforce * * * agreements as if the resulting company had stepped in the shoes of the absorbed company." *Acordia of Ohio, L.L.C. v. Fishel*, 133 Ohio St.3d 356, 2012 Ohio 4648, ¶ 7, 978 N.E.2d 823 ("*Acordia II*"). Moreover, "in accordance with R.C. 1701.82(A)(3) , all assets and property, including employment contracts and agreements, and every interest in the assets and property of each constituent entity transfer through operation of law to the resulting company postmerger." *Acordia II* at ¶ 3.

*Fid. Tax, LLC v. Hall*, 10th Dist. No. 12AP-923, 2013-Ohio-3165, ¶ 18; *compare Guinther* at ¶ 18-19 *with Beneficial Fin. I v. Gales*, Franklin C.P. No. 14CVE-01-1799 (Oct. 2, 2015). In the instance of a merger, in this case between WFHMI and Wells Fargo Bank, N.A., a certificate of merger would help to prove the transfer of the right to enforce the Georges' note in the entire chain of transfers from the original obligee to U.S. Bank. But the state of the evidence in this case does not present a clear picture that U.S. Bank has the rights of a holder.

{¶ 13} Even if McCray's testimony were sufficient evidence of the merger, which we find that it was not, especially since U.S. Bank conceded in its reply on summary judgment that McCray lacked personal knowledge, WFHMI had *indorsed* the Georges' note to Wachovia as trustee under a pooling agreement *before* the date of the purported merger between WFHMI and Wells Fargo Bank, N.A. (Pl.'s Reply to Defs.' Memo. in Opp. to Mot. for Summ. Jgmt. at 6-7.)  There was no evidence in the record (1) that Wells Fargo Bank, N.A. was not bound by what WFHMI could have done regarding that transaction and (2) of the effect of WFHMI's *indorsement* of the Georges' note to Wachovia as

No. 14AP-817

trustee; that is, whether WFHMI retained the ability to further negotiate and indorse the note (and thus whether Wells Fargo Bank, N.A. had that power). And no evidence of the terms of the pooling agreement appears in the record such that U.S. Bank could show it is the holder of the Georges' note without the indorsement by the trustee Wachovia in favor of U.S. Bank.

{¶ 14} U.S. Bank argued in its reply on summary judgment that the Georges lacked standing "to challenge violations of the trust prospectus" and that "[c]ourts have determined that pooling and servicing agreements concern mortgage loans, not mortgages," citing *Bank of N.Y. Mellon v. Baird,* 2d Dist. No. 2012-CA-28, 2012-Ohio-4975 (other citations omitted). We do not adhere to holdings that purport to prevent foreclosure defendants from pointing out that a plaintiff's proof falls short of establishing an entitlement to enforce.[2] In having overruled *LSF6 Mercury REO Invests. Trust Series 2008-1 v. Locke*, 10th Dist. No. 11AP-757, 2012-Ohio-4499, in *George I,* we clarify this point as part of our decision on U.S. Bank's motion for reconsideration. It is incumbent on a party seeking to enforce a debt evidenced by a note and secured by a mortgage to demonstrate with evidentiary-quality materials that it has standing in order to attain

---

[2] An example of a holding we reject is:

> [A] plaintiff mortgagor is not a party to, or beneficiary of, the agreement that governs the trust to which the mortgagor's debt instrument has been transferred and, therefore, does not have standing to challenge that agreement. *See, e.g., Nelson v. Bank of N.Y. Mellon*, Civ. No. 12-1096 (SRN/SER), 2012 U.S. Dist. LEXIS 141277, 2012 WL 4511165, at *3 (D. Minn. Oct. 1, 2012) ("Moreover, Plaintiffs were not parties to the pooling and servicing agreements by which their notes were pooled into mortgage-backed securities. They therefore do not have standing to challenge those agreements.") (citation omitted); *Anderson v. Countrywide Home Loans*, Civ. No. 10-2685 (MJD/JJG), 2011 U.S. Dist. LEXIS 45966, 2011 WL 1627945, at *4 (D. Minn. Apr. 8, 2011) ("Plaintiffs do not have standing to challenge the validity of the assignment to the Trust because they are not parties to the PSA."), *Report and Recommendation adopted by 2011 U.S. Dist.* LEXIS 45957, 2011 WL 1630113, at *1 (D. Minn. Apr. 28, 2011); *Greene v. Home Loan Servs., Inc.*, Civ. No. 09-719 (DWF/JJK), 2010 U.S. Dist. LEXIS 99222, 2010 WL 3749243, at *4 (D. Minn. Sept. 21, 2010) ("Even assuming this matter was adequately pleaded, which it was not, Plaintiffs are not a party to the Pooling and Servicing Agreement and therefore have no standing to challenge any purported breach of the rights and obligations of that agreement.").

*Rogers v. Bank of Am., N.A.*, D.Minn. No. 13-cv-1698 (July 1, 2014). *See also, Bond v. Barrett Daffin Frappier Turner & Engel, LLP*, S.D.Tex. No. G-12-188 (Mar. 22, 2013), *adopted by, motion granted by, dismissed by Bond v. Barrett Daffin Frappier Turner & Engel, LLP*, S.D.Tex. No. 3:12-cv-188 (Apr. 17, 2013).

No. 14AP-817

summary judgment in its favor. *George I.* Without evidentiary-quality materials supporting the valid and continuous chain of transfers of the instrument on which relief is based, there is no basis for a judgment. Here, U.S. Bank could not show that it was either a holder or a nonholder with rights of possession because U.S. Bank has not shown a valid and continuous chain of transfers linking it to the original obligee on the note.

{¶ 15} As we stated in *George I*, a valid transfer involves negotiation and endorsement under the Uniform Commercial Code ("UCC").

> Under Ohio law, the right to enforce a note cannot be assigned; rather, the note must be negotiated in conformity with Ohio's version of the Uniform Commercial Code. *In re Wells*, 407 B.R. 873, 880 (N.D.Ohio 2009). *See also HSBC Bank USA, Natl. Assn. v. Surrarrer*, 8th Dist. No. 100039, 2013-Ohio-5594, ¶ 17 (in order for one other than the payee to enforce the note, the note must be negotiated to another who then becomes the holder of the note). An attempt to assign a note creates a claim to ownership, but does not transfer the right to enforce the note. *Wells* at 880. An assignment of a note may be by negotiation, pursuant to R.C. 1303.21 , or transfer pursuant to R.C. 1303.22 . "Negotiation" requires transfer of possession of the instrument. R.C. 1303.21(A). The "transfer" of an instrument requires physical delivery of the note "for the purpose of giving to the person receiving delivery the right to enforce the instrument." R.C. 1303.22(A).

*Wells Fargo Bank, N.A. v. Byers*, 10th Dist. No. 13AP-767, 2014-Ohio-3303, ¶ 16. A continuous chain of transfer shows a series of valid transfers between each and every person entitled to enforce the note supported by evidentiary-quality proof for each person so as not to break the chain.

{¶ 16} The Georges disputed that Wells Fargo Bank, N.A. was entitled to execute the allonge and, thereby, disputed U.S. Bank as the note's holder, a material issue of fact relating to U.S. Bank's standing. R.C. 1301.201(B)(21)(a) and former R.C. 1301.01(T)(1)(a) and (b). The issue of U.S. Bank's standing to bring the action was

No. 14AP-817

squarely addressed by both parties on summary judgment before the trial court.[3] As we stated in *George I*, Jones' affidavit was deficient. It did not specifically set forth the transfers of the note and mortgage but, rather, addressed the transfers in the barest of generalities with this language: " '[a]ttached as exhibits hereto are copies of the Note with any applicable indorsements and the Mortgage with any applicable Assignments, * * * redacted solely to protect any private, personal, financial information.' " *George I* at ¶ 6, citing Jones' Aff. at ¶ 9. There existed in the record no certificate of merger, and the testimony of McCray was not reliable evidence of such a merger. The record did not support the authority of Wells Fargo Bank, N.A. to indorse the note indorsed to Wachovia to U.S. Bank.

## B. The Original Note

{¶ 17} U.S. Bank's contention that "the evidence was undisputed that U.S. Bank had possession of the original Note" because it was putatively produced at deposition is not established by our decision. (Memo. in Support of Mot. for Recons. at 7.) No stipulations of the parties exist to support this assertion. What we did state in our decision is that:

> The *trial court further relied* on appellee's production of what was *represented as* the original note at the Civ.R. 30(B)(6) deposition of its representative, John McCray, with the indorsements and allonges, as in the copies attached to its pleadings. * * * A plaintiff moving for summary judgment in a foreclosure action must submit evidentiary-quality materials.

(Emphasis added.) *George I* at ¶ 17. At no point did we discuss in our decision whether this evidence was disputed. Nor did we find in our de novo review that U.S. Bank had possession of the *original* note. We cannot say whether the original note is in the record. The affidavit of Jones identifying a note and mortgage is so oblique as to be nonspecific. And there exists in the record unexplained discrepancies between the version of the note attached to both the complaint and amended complaint and to Jones' affidavit in support of the motion for summary judgment. The records custodian, McCray, at his deposition had no knowledge of where the purported original note was kept. Nor could he testify to

---

[3] "Plaintiff contends that the right to enforce the note * * * provides it with standing in the foreclosure case. A promissory note is a negotiable instrument." (Pl.'s Reply to Defs.' Memo. in Opp. to Mot. for Summ. Jgmt. at 10.)

No. 14AP-817

any semblance of a chain of custody as to how the purported original note came to be at the deposition for his identification of it. He had no knowledge of when the allonge to the note was made or how it came to be attached to what was purported to be the original note. For U.S. Bank to state that our decision established that it was undisputed that U.S. Bank had possession of the original note is not supported by either the record or the plain language of our decision. It is a mischaracterization that, at best, pushes the envelope. It would be impossible for the trial court or this Court to find from the record that (1) it is undisputed that U.S. Bank had possession of the original note or that (2) U.S. Bank is a holder of the Georges' note or a nonholder in possession with rights of a holder for the purposes of granting summary judgment as U.S. Bank argues.

{¶ 18} In fact, the trial court erroneously made findings in its summary judgment decision that were based on a *failure* to construe the evidence in a light most favorable to the Georges as is required by Civ. R. 56(C) and controlling law. The trial court stated, "[i]n the case at hand, the Court finds that Plaintiff has presented evidence that it is in possession of the Note. * * * Finally, as stated above, Defendants were presented with the original Note * * * during the deposition of Mr. McCray." (Aug. 15, 2014 Decision Granting Pl.'s Mot. for Summ. Jgmt. at 7-8.) As noted earlier, the evidence showed, and even U.S. Bank conceded, that McCray lacked personal knowledge as a mere keeper of the records. In *George I* at ¶ 8 and in previous decisions, we have held that this type of factfinding on summary judgment is not permitted. Rather:

> In ruling on a motion for summary judgment, the court must resolve all doubts and construe the evidence in favor of the *nonmoving* party. *Pilz v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 04AP-240, 2004-Ohio-4040, P 8. *See also Hannah v. Dayton Power & Light Co.*, 82 Ohio St.3d 482, 485, 1998 Ohio 408, 696 N.E.2d 1044 (1998) ("*Even the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the party opposing the motion.*")

(Emphasis added.) *Deutsche Bank Natl. Trust Co. v. Thomas*, 10th Dist. No. 14AP-809, 2015-Ohio-4037, ¶ 8. U.S. Bank's arguments on the original note lack merit.

## C. Whether U.S. Bank was a Holder of the Note or Was a Nonholder in Possession of the Note with the Rights of a Holder

{¶ 19} Regardless whether U.S. Bank was able to prove that it had possession of the original note, for U.S. Bank to qualify as a "holder" of the note (and thereby be a person entitled to enforce the instrument as set forth in R.C. 1303.31(A)(1)), it must have *both* possession of the note, *and* the note must be indorsed either in blank to the bearer or specifically to the one presenting it (U.S. Bank). S*ee* former R.C. 1303.01(T)(1)(a) and (b) (2002) (currently set forth in R.C. 1301.201(B)(21)(a)). U.S. Bank urges that we adopt a holding that essentially permits a transferee of a note to gain the rights of a holder without negotiation or indorsement and without other circumstances that by operation of law would affect a transfer of a note from one holder to another (such as a merger) and otherwise without separate negotiation and indorsement. Thus, U.S. Bank argues that *indorsement is not necessary* to qualify as a holder and that mere possession alone is all that is needed to qualify as a holder under R.C. 1303.31(A)(2) and 1301.201(B)(21)(a).

{¶ 20} U.S. Bank states correctly the proposition that a person entitled to enforce an instrument, in addition to being a holder, can be " 'a nonholder in possession of the instrument who has the rights of a *holder*.' " (Emphasis added.) (Memo. in Support of Mot. for Recons. at 5, citing R.C. 1303.31(A)(2).) However, we cannot adopt U.S. Bank's argument that it somehow becomes a "holder" of the Georges' note by operation of R.C. 1303.22(A) and (B). R.C. 1303.22(A) defines when a "transfer" occurs ("when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument"). R.C. 1303.22(B) provides that "[t]ransfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course."

{¶ 21} It appears that U.S. Bank conflates "transferee" with "holder" to leap-frog over holes in the chain of transfer that are not supported in the record by evidentiary-quality materials. Under either R.C. 1303.22(A) or (B), a transferee gets only what the transferor had to give, no matter the intention or purpose of the transferor. R.C. 1303.22(A) does not magically transform a note's "transfer" to "rights of a holder." This is especially true, since R.C. 1303.22(B) limits the rights of the transferee to the rights held by the transferor. Thus, if Wells Fargo Bank, N.A. was not a "holder" or a "person

entitled to enforce" the Georges' note, neither is U.S. Bank. R.C. 1303.22(B). Even looking to R.C. 1303.31(B), where a transferee may have wrongly received the note (such as a transferor *purporting* to transfer "right to enforce" it under R.C. 1303.22(A)), we must consider other provisions of the UCC, such as R.C. 1301.304, which requires that "[e]very contract or duty within Chapters 1301., 1302., 1303., 1304., 1305., 1307., 1308., 1309., and 1310. of the Revised Code imposes an obligation of good faith in its performance and enforcement."[4]

{¶ 22} U.S. Bank claims it is a nonholder in possession with the rights of a holder (R.C. 1303.31(A)(2)) by means of Wells Fargo Bank, N.A.'s transfer of the Georges' note to it, also based on its previously asserted interpretation of R.C. 1303.22(A) and (B). Under no set of facts evidenced by the record can we find as a matter of law that U.S. Bank is either a holder or a person entitled to enforce the Georges' note. U.S. Bank did not show with evidentiary-quality materials that Wells Fargo Bank, N.A., one of the note's purported predecessors in interest, was either a holder or a person entitled to enforce the Georges' note. R.C. 1301.201(B)(21) (and former R.C. 1301.01(T)(1)(a) and (b)) specifically define "holder" as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." No certificate of merger appears in the record between WFHMI and Wells Fargo Bank, N.A. No evidence appears in the record of Wells Fargo Bank, N.A.'s authority to negotiate (evidenced by indorsement of) the Georges' note from the Wachovia trust it had been indorsed to by WFHMI *before* its merger with Wells Fargo Bank, N.A. There is insufficient evidence in the record to support a finding that Wells Fargo, N.A. was a "person entitled to enforce"[5] the Georges' note, as a holder, or as a nonholder in possession of the instrument who has the rights of a holder or otherwise. R.C. 1303.31(A).

{¶ 23} U.S. Bank further requests this Court to adopt its interpretation of R.C. 1303.22(A) and (B) in support of its claim that it gains the rights of a holder simply by a

---

[4] R.C. 1301.304 applies to R.C. Chapter 1303, because R.C. 1303.01(D) acknowledges that, "[i]n addition, Chapter 1301. of the Revised Code contains general definitions and general principles of construction and interpretation applicable throughout this chapter."

[5] R.C. 1303.31(A) defines a "[p]erson entitled to enforce" a negotiable instrument as a "holder," a "nonholder in possession of the instrument who has the rights of a holder" or "[a] person not in possession of the instrument who is entitled to enforce the instrument" because the instrument has been destroyed or wrongfully executed by mistake, even if the person is not the owner of the instrument or is in wrongful possession of the instrument. R.C. 1303.31(B).

transfer—without negotiation and indorsement—of what is purported to be the Georges' original note based on Wells Fargo Bank, N.A.'s purported status as a person entitled to enforce the Georges' note. Were we to adopt U.S. Bank's argument, based on its interpretation and application of R.C. 1303.22(A) and (B), the result would be to eviscerate the Georges' and others' ability to challenge any transfers of the note and mortgage in defense of an action to enforce a note and a foreclosure action in equity. Such an interpretation misapplies the application of the UCC to the negotiation of the instruments at issue. U.S. Bank's argument that Wells Fargo Bank, N.A.'s transfer to it did not require negotiation and that the simple act of a physical transfer suffices to make U.S. Bank a nonholder in possession with rights of a holder, is not supported by the record or the UCC. If an instrument is payable to bearer, it may be negotiated by transfer of possession alone. But the record is clear that the Georges' note is not a bearer note.

{¶ 24} Under U.S. Bank's theory, negotiation and indorsement no longer matter. But under this theory, neither would the Uniform Commercial Code. Yet, U.S. Bank argues UCC definitions support its contention that no negotiation is needed of the Georges' note by Wells Fargo Bank, N.A. to U.S. Bank (even though it is not a bearer note), arguing the definition of "parties." R.C. 1303.31(A)(2). "Parties" under the UCC are persons that have "engaged in a transaction or made an agreement subject to Chapters 1301., 1302., 1303., 1304., 1305., 1307., 1308., 1309., and 1310. of the Revised Code." R.C. 1301.201(B)(26). U.S. Bank uses the UCC on the one hand to exempt it from negotiation of the Georges' note but ignores cardinal rules of Article 3 of the UCC on entitlement to enforce a note. Simple transfer does not make one a holder or nonholder in possession with rights of a holder status unless the note is a bearer note. In the face of uncontroverted evidence that the Georges' note is not a bearer note, U.S. Bank's argument fails.

{¶ 25} The UCC provides that, "[u]nless otherwise agreed, if an instrument is transferred for value the transferee has a specifically enforceable right to the unqualified indorsement of the transferor, *but negotiation of the instrument does not occur until the indorsement is made by the transferor*." (Emphasis added.) R.C. 1303.22(C). There is no evidence in the record that the transfer of the Georges' note between Wells Fargo Bank, N.A. and U.S. Bank was not for value or that there was an agreement otherwise

between U.S. Bank and Wells Fargo Bank, N.A. dispensing with it. There is no evidence in the record that prior transfers of the note were not for value or that there was an agreement otherwise between the transferring parties. Absent such evidence, there is a specifically enforceable right of indorsement by the transferor for the subsequent possessor to be entitled to enforce the note. And R.C. 1303.22(C) specifies that negotiation occurs upon indorsement. No indorsements appear as between WFHMI and Wells Fargo Bank, N.A. Even assuming their merger would dispense with the requirement of negotiation and transfer, there is insufficient evidence of the merger. Because WFHMI negotiated and indorsed the Georges' note to the Wachovia trust *before* the alleged merger of WFHMI and Wells Fargo Bank, N.A., the evidence is insufficient to support Wells Fargo Bank, N.A.'s status as a person entitled to enforce the Georges' note or as a person entitled to negotiate and indorse it to U.S. Bank.

{¶ 26} Whether or not U.S. Bank proved it had possession of the original note, it acknowledges that it also had to establish that it was either a holder of the note or a nonholder in possession with rights of a holder. In attempting to meet its legal burden under UCC Article 3 (R.C. Chapter 1303, and only UCC Article 3 is properly addressed by the parties, there being no relevance here of UCC Article 9) to show its right to enforce the note, U.S. Bank did not provide evidentiary-quality materials to the trial court to establish its status of being either a holder or a person in possession of the note having the rights of a holder. Summary judgment should not have been granted.

## D. Transfer of the Note through Transfer of the Mortgage

{¶ 27} Because the language in at least one of M/I Financial's two separate documents assigning the *mortgage* to WFHMI also included assignment of its rights in the note to WFHMI, with assignment thereafter being made to U.S. Bank by "Wells Fargo Bank, N.A. successor by merger to Wells Fargo Home Mortgage, Inc.," U.S. Bank argues it is a nonholder in possession of the note with the rights of a holder by virtue of the mortgage language. (Ex. E, Compl.) Thus U.S. Bank argues that the chain of assignments of the mortgage resulted in assignment of the note. The Georges counter that Wells Fargo Bank, N.A. had no authority to assign the mortgage on behalf of WFHMI based on analogous arguments relating to the similar assignment of the note. U.S. Bank states that, for the purposes of R.C. 1303.31(A)(2), "there did not need to be *any* indorsements of the Note, but only evidence showing that U.S. Bank had possession of the Note and that M/I

No. 14AP-817

[Financial] and WFHMI transferred their rights [to the mortgage] to [U.S. Bank]." (Emphasis sic.) (Memo. in Support of Mot. for Recons. at 7.) The UCC Article 3 analysis we applied to the Georges' note applies to the Georges' mortgage as well. The evidence is insufficient to support U.S. Bank's argument that the transfer of the mortgage occurred in conformity with the UCC.

{¶ 28} Not only is the evidence insufficient to support U.S. Bank's argument, but recent case law from the Supreme Court of Ohio precludes this argument as a matter of law. In *Deutsche Bank Natl. Trust Co. v. Holden*, ___ Ohio St.3d ___, 2016-Ohio-4603, the plaintiff in foreclosure argued similarly that, under the law, assignment of the mortgage resulted in assignment of the note. As the Supreme Court stated in its decision:

> The bank urges the court to adopt the approach of the Restatement of the Law 3d , Property (Mortgages) and hold that the right to enforce the note also follows from the assignment of the mortgage securing it.

*Id.* at ¶ 16. The Supreme Court declined to adopt this, holding instead that "[w]e have long recognized that an action for a personal judgment on a promissory note and an action to enforce mortgage covenants are 'separate and distinct' remedies." *Id.* at ¶ 25, citing *Carr v. Home Owners Loan Corp.*, 148 Ohio St. 1 (1947). Speaking further, the Supreme Court specifically negated that argument and specifically related it to standing.

> Parties and courts have seized upon that "failed to establish an interest in the note or mortgage" statement in [*Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017] as establishing that a plaintiff in a foreclosure action must have an interest in either the note or the mortgage at the time of filing in order to establish standing. However, the "or" statement in *Schwartzwald* was a description of the particular facts in that case rather than a statement about the requisites of standing.

*Holden* at ¶ 31. Accordingly, in accord with the Supreme Court's decision in *Holden,* we deny U.S. Bank's argument that the assignment of the mortgage affected the assignment of the note.

No. 14AP-817

### E. Whether the Court Properly Considered Whether U.S. Bank Was a Nonholder in Possession with the Rights of a Holder

{¶ 29} U.S. Bank argues on reconsideration that the Georges "never argued that U.S. Bank could not qualify as a nonholder in possession" and that "the evidence shows that U.S. Bank was a nonholder in possession." (Memo. in Support of Mot. for Recons. at 10.) A nonholder in possession must have the rights of a holder. R.C. 1303.31(A)(2). In sections D and E of their appellate brief, the Georges argued that U.S. Bank needed to show that it had the rights of a holder, having failed to show evidence of the merger and the terms of the trust. The Georges also argued, citing *Coffey* at ¶ 10, that U.S. Bank had not demonstrated that it had obtained the right to enforce their note either as a holder or a nonholder in possession. In fact, the Georges' argument before the trial court on this point was even more specific than was U.S. Bank's. (Defs.' Memo. in Opp. to Pl.'s Mot. for Summ. Jgmt. at 19.) U.S. Bank's argument in this vein lacks merit.

{¶ 30} Having reviewed U.S. Bank's motion for reconsideration, the Georges' response, and U.S. Bank's reply, we remain unconvinced that we made an obvious error or failed to fully consider an issue that should have been considered. Our decision in *George I* did not establish that it was undisputed that U.S. Bank had the Georges' original note. U.S. Bank's evidence fell short of proving that it was a nonholder in possession with the rights of a holder such as would entitle it to summary judgment on the Georges' note and mortgage. Moreover, U.S. Bank's conflicting evidence submitted on motion for summary judgment as compared with its prior evidence in the record created a genuine issue of a material fact—its standing to file suit on the note in the first instance, and to thereafter seek its remedy on the mortgage in equity. The trial court erred in granting summary judgment on the note and in foreclosure on the mortgage. U.S. Bank is not entitled to summary judgment as to either.

## III. CONCLUSION

{¶ 31} We overrule U.S. Bank's motion for reconsideration.

*Motion for reconsideration denied.*

HORTON, J., concurs.
DORRIAN, P.J., concurs in judgment only.

No. 14AP-817

DORRIAN, P.J., concurring in judgment only.

{¶ 32} I concur in judgment only with the majority's denial of reconsideration because I believe that U.S. Bank waived the sole issue that it now argues on reconsideration. Additionally, I respectfully write separately to disagree with certain analyses contained in the majority opinion on reconsideration not necessary for resolution of the issue raised.

{¶ 33} In order to recover on summary judgment, U.S. Bank had to prove that it was the person entitled to enforce the Georges' note. *Deutsche Bank Natl. Trust Co. v. Holden*, ___ Ohio St.3d ___, 2016-Ohio-4603, ¶ 2, 26-27, 33, 35. The Georges argued on appeal that U.S. Bank failed to meet this burden. In response, U.S. Bank contended that it qualified as the person entitled to enforce the Georges' note because either (1) it was the holder of the note, or (2) it was "[a] nonholder in possession of the [note] who ha[d] the rights of a holder." *See* R.C. 1303.31(A)(1) and (2). We held that, due to the existence of genuine issues of material fact regarding which version of the note introduced by U.S. Bank was the Georges' original note, U.S. Bank could not establish that it had status as either the holder of the note or a nonholder in possession with the rights of a holder (hereinafter "nonholder in possession"). *U.S. Bank Natl. Assn. v. George*, 10th Dist. No. 14AP-817, 2015-Ohio-4957, ¶ 16, 28, 33-34.

{¶ 34} Now, on reconsideration, U.S. Bank asserts that our decision did not fully consider the evidence that it met the criteria necessary for it to qualify as a nonholder in possession. This assertion does not provide a basis for reconsideration. U.S. Bank's argument that it is a nonholder in possession deserves no consideration because U.S. Bank waived that argument by not raising it before the trial court.

{¶ 35} As I pointed out in my separate opinion in *George*, a party who fails to raise an argument in the trial court waives his or her right to raise that argument on appeal. *Id.* at ¶ 43, fn. 9 (Dorrian, J., concurring in judgment only), citing *Niskanen v. Giant Eagle, Inc.*, 122 Ohio St.3d 486, 2009-Ohio-3626, ¶ 34. Consistent with my prior position, I disagree with the majority's conclusion that U.S. Bank raised the argument below. Before the trial court, U.S. Bank premised its right to enforce the Georges' note only on its supposed status as the holder of that note. In their memorandum in opposition to summary judgment, the Georges challenged U.S. Bank's proof that it qualified as a holder.

Additionally, the Georges sua sponte attacked U.S. Bank's ability to prove that it was a nonholder in possession. Despite this attack, U.S. Bank raised no contrary argument in its reply brief. U.S. Bank, therefore, waived the argument that it qualified as a nonholder in possession, and consideration of the same on appeal was neither warranted nor necessary. Likewise, the waived argument does not present a reason for this court to grant U.S. Bank reconsideration.

{¶ 36} Notwithstanding my conclusion that the issue is waived, I write this separate concurrence, in part, to disagree with a section of the majority opinion on reconsideration that I find particularly troubling in light of prior analyses by this court and well-reasoned precedent from other courts. That section begins with the statement that this court does not adhere to holdings that prevent homeowners from pointing out that a bank's evidence fails to establish entitlement to enforce the note. (*See* majority opinion on reconsideration at ¶ 14.) A footnote following this statement sets forth an example of a holding, supposedly rejected by this court, that the majority concludes prevents homeowners from pointing out a bank's evidence fails to establish entitlement to enforce a note. In short, the holding rejected by the majority provides that when a homeowner is not a party to, or beneficiary of, an agreement that governs the trust that includes the homeowner's note, the homeowner does not have standing to challenge that agreement.

{¶ 37} I disagree with the majority's assessment of the effect of the holding. A homeowner's lack of standing to challenge a trust agreement (also known as a pooling and servicing agreement or PSA) does not impede the homeowner from attacking a bank's entitlement to enforce the note. Statutes—not trust agreements—set forth the criteria a bank must prove to demonstrate that it is the person entitled to enforce the note. *See* R.C. 1301.201(B)(21); 1303.21; 1303.22; 1303.31. Consequently, whether a trust agreement is valid, and whether the bank complied with the trust agreement, have no relevance in the determination of whether the bank is the person entitled to enforce the note. *Deutsche Bank Natl. Trust Co. v. Sopp*, 10th Dist. No. 14AP-343, 2016-Ohio-1402, ¶ 19; *Logansport Savs. Bank, FSB v. Shope*, 10th Dist. No. 15AP-148, 2016-Ohio-278, ¶ 17-18. Contrary to the implication in the majority opinion on reconsideration, the rejected holding does *not*

No. 14AP-817

prevent homeowners from pointing out that, under the law, a bank's evidence fails to establish that it is the person entitled to enforce the note.

{¶ 38} Furthermore, the majority's rejection of the cited holding contravenes well-reasoned law. *See Dauenhauer v. Bank of N.Y. Mellon*, 562 Fed.Appx. 473, 480 (6th Cir.2014) ("Courts have consistently rejected borrowers' requests to have mortgage assignments and foreclosures invalidated due to non-compliance with Pooling and Servicing Agreement provisions, based on borrowers' lack of standing."); *U.S. Bank Natl. Assn. v. Aguilar-Crow*, 7th Dist. No. 15 MA 0113, 2016-Ohio-5391, ¶ 67 ("Various courts have concluded a debtor lacks 'standing' to challenge whether the transfer of the mortgage loan to the trust complied with the pooling and servicing agreement."); *HSBC Bank USA Natl. Assocs. v. Sherman*, 1st Dist. No. C-120302, 2013-Ohio-4220, ¶ 21 ("But [the homeowner] is not a beneficiary under the PSA and has no right to claim that [the bank] failed to comply with the terms of the PSA.").

{¶ 39} Finally, I note that the rejection of the cited holding is not necessary for resolution of the sole issue raised on reconsideration. *See George* at ¶ 44 (Dorrian, J., concurring in judgment only).

{¶ 40} In sum, I agree that this court should deny U.S. Bank's application for reconsideration, but for a different reason than the majority. Therefore, I respectfully concur in judgment only.

————————————————